**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

_____

Nos. 10-2272 / 10-2724

_____

**UNITED STATES OF AMERICA,**

Appellant,

v.

**DEBRA PALMER** and
**TODD BARKAU,**

Appellees.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION
HONORABLE NANETTE K. LAUGHREY, DISTRICT JUDGE

_____

**BRIEF FOR THE UNITED STATES**
_____

BETH PHILLIPS
  United States Attorney

JAMES C. BOHLING
CYNTHIA L. CORDES
  Assistant United States Attorneys

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Appellant*

## SUMMARY OF THE CASE

The appellant, the United States of America, appeals in these two cases involving appellees Todd Barkau and Debra Palmer who pled guilty to commercial sex trafficking of a minor. The district court found that the victim of the offense was entitled to $200,000 in restitution for the costs of counseling. The United States appeals from a special condition of supervised release contained in the identical restitution orders, which states, in relevant part, that, "Defendant is required to make the payments into an account until that account reaches $5,000. Thereafter, the defendant is to maintain the account at $5,000 so that counseling expenses actually incurred can be paid from the account for the victim." The United States also appeals from the district court's statement on the record at Barkau's sentencing that if the government sought an appeal regarding this special condition, and the Court of Appeals reversed the imposition of the special condition, the district court on remand, would remove the restitution provisions for the victim from the judgment and commitment order entirely.

The Government requests 15 minutes for oral argument.

Appellate Case: 10-2272    Page: 2    Date Filed: 01/10/2011 Entry ID: 3742776

# TABLE OF CONTENTS

**Page**

SUMMARY OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SUMMARY OF THE ARGUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . 15

ARGUMENTS

     I.     In a case where Debra Palmer, the defendant mother, and defendant mother's boyfriend, Todd Barkau, abused and aided in the abuse of Palmer's minor daughter for the purposes of commercial sex trafficking, the district court erred by attaching a "special condition" to its $200,000 restitution order that allows Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing mental health treatment, where both 18 U.S.C. § 1593 and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, require that the restitution be in the full amount of the victim's losses, and that any partial payments be made at specified intervals or periodically. . . . . . . . . . . . . . . . . . . . . . 17

    II.    The district court erred when it stated on the record that it would award no restitution at all on remand if the Court of Appeals reversed the imposition of the "special condition" to its $200,000 restitution order that allows the defendant

Appellate Case: 10-2272     Page: 3     Date Filed: 01/10/2011 Entry ID: 3742776

to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing mental health treatment, where both the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1593, and the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, mandate that a district court require a defendant to pay an amount equal to the cost of necessary medical and related professional services for a victim, including psychiatric and psychological care, and where the special condition has no relevance whatsoever to the determination of the amount of restitution owed, and therefore no rational relationship exists between the outcome of the appeal and the district court's prior determination of the amount of restitution owed.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

ADDENDUM

    Palmer judgment and commitment. . . . . . . . . . . . . . . . . . . . . . . . A1

    Barkau judgment and commitment. . . . . . . . . . . . . . . . . . . . . . . . A8

Appellate Case: 10-2272   Page: 4   Date Filed: 01/10/2011 Entry ID: 3742776

## Cases

*Matheny v. Morrison,* 307 F.3d 709 (8th Cir. 2002). . . . . . . . . . . . . . . . . . 21

*McGhee v. Clark*, 166 F.3d 884 (7th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Bryant,* 606 F.3d 912 (8th Cir. 2010). . . . . . . . . . . . . . . . . 18

*United States v. Dolan,* 571 F.3d 1022 (10th Cir. 2009). . . . . . . . . . . . . 2, 22

*United States v. Johnson*, 400 F.3d 187 (4th Cir. 2005). . . . . . . . . . . . . . 2, 24

*United States v. Julian*, 242 F.3d 1245 (10th Cir. 2001). . . . . .   3, 20, 25, 26

*United States v. Laney*, 189 F.3d 954 (9th Cir. 1999). . . . . . . . . . . . . . 20, 26

*United States v. McGlothlin,* 9 F.3d 783 (8th Cir. 2001). . . . . . . . . . . . . . 21

*United States v. Schulte,* 264 F.3d 656 (6th Cir. 2001). . . . . . . . . . . . . . . . 22

*United States v. Taylor*, 41 Fed. Appx. 380 (10th Cir. 2002). . . . . . . . . . . . 27

## Statutes

18 U.S.C. § 1470 (Barkau only). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 1591. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 5, 18

18 U.S.C. § 1593. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 8, 17, 18, 20, 21

18 U.S.C. § 1593(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

18 U.S.C. § 1593(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

-iv-

18 U.S.C. § 1593(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

18 U.S.C. § 1593(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

18 U.S.C. § 2251(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 2251A(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 2251A(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 2251(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 2251(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 2259(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

18 U.S.C. § 2259(b)(3)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

18 U.S.C. § 2422(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3663A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 17, 18, 19

18 U.S.C. § 3663A(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

18 U.S.C. § 3663A(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

18 U.S.C. § 3363A(b)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

18 U.S.C. § 3663A(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

18 U.S.C. § 3664. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20, 21

18 U.S.C. § 3664(f)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

18 U.S.C. § 3664(f)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

18 U.S.C. § 3664(f)(3)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21, 22

18 U.S.C. § 3664(f)(3)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 22

Fed. R. App. P. 32(a)(7)(B)...................................... 28

Fed. R. App. P. 32(a)(7)(C)...................................... 28

Appellate Case: 10-2272   Page: 7   Date Filed: 01/10/2011 Entry ID: 3742776

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

———————————

Nos. 10-2272 / 10-2724

———————————

**UNITED STATES OF AMERICA,**

Appellant,

v.

**DEBRA PALMER**
and
**TODD BARKAU,**

Appellees.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION
HONORABLE NANETTE K. LAUGHREY, DISTRICT JUDGE

———————————

**STATEMENT OF THE ISSUES**

———————————

**I.**

Whether, in a case where the defendant mother, Debra Palmer, and

defendant mother's boyfriend, Todd Barkau, abused and aided in the abuse of

Palmer's minor daughter for the purposes of commercial sex trafficking, the

district court erred by attaching a "special condition" to its $200,000 restitution

-1-

order that allows Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing mental health treatment, where both the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1593, and the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, require that the restitution be in the full amount of the victim's losses, and that the partial payments be made at specified intervals or periodically requires both that the restitution be in the full amount of the victim's losses, and that any partial payments be made at specified intervals or periodically.

### Cases

*United States v. Dolan*, 571 F.3d 1022 (10th Cir. 2009)

*United States v. Johnson*, 400 F.3d 187 (4th Cir. 2005)

### II.

Whether the district court erred when it stated on the record that it would award no restitution at all on remand if the Court of Appeals reversed the imposition of the "special condition" to its $200,000 restitution order that allows Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing mental health treatment, where both 18 U.S.C. § 1593, and the Mandatory Victim

-2-

Restitution Act (MVRA), 18 U.S.C. § 3663A, mandate that a district court require a defendant to pay an amount equal to the cost of necessary medical and related professional services for a victim, including psychiatric and psychological care, and where the special condition has no relevance whatsoever to the determination of the amount of restitution owed, and therefore no rational relationship exists between the outcome of the appeal and the district court's prior determination of the amount of restitution owed.

## **Cases**

*United States v. Julian*, 242 F.3d 1245 (10th Cir. 2001)

Appellate Case: 10-2272    Page: 10    Date Filed: 01/10/2011 Entry ID: 3742776

## STATEMENT OF THE CASE

On February 26, 2009, a grand jury returned a superseding indictment[1] charging defendants-appellees Debra Palmer and Todd B. Barkau with one count of aiding and abetting the commercial sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591 and 2 (both defendants); one count of selling/transferring custody of a minor with knowledge of resulting sexual exploitation, in violation of 18 U.S.C. §§ 2251A(a), and 2 (both defendants); one count of obtaining control/custody of a minor with knowledge of resulting sexual exploitation, in violation of 18 U.S.C. §§ 2251A(b) (Barkau only); one count of inducing a child to engage in sexually explicit conduct, in violation of 18 U.S.C. § 2251(a) (Barkau only); one count of permitting a child to engage in sexually explicit conduct, in violation of 18 U.S.C. § 2251(b), and 2 (both defendants); one count of advertising and publishing a notice of images that involved the sexual exploitation of a child, in violation of 18 U.S.C. § 2251(d) (Barkau only); one count of enticement of a child to engage, in prohibited sexual conduct in violation of 18 U.S.C. § 2422(b) (Barkau only); and one count of transferring obscene material to a minor, in violation of

---

[1]The initial indictment in the case was returned on May 7, 2008.

Appellate Case: 10-2272    Page: 11    Date Filed: 01/10/2011 Entry ID: 3742776

18 U.S.C. § 1470 (Barkau only).  (D.E. 1, 66.)[2]  After initially pleading not guilty to all counts, Palmer and Barkau each accepted plea agreements in which each pleaded guilty to Count One of the indictment, charging a violation of 18 U.S.C. §§ 1591 and 2.  (D.E. 86, 87.)  These proceedings were held before the Honorable Nanette K. Laughrey, District Judge for the Western District of Missouri.

On May 5, 2010, Judge Laughrey sentenced Palmer to 180 months of incarceration, and a 10-year term of supervised release.  The district court further ordered Palmer to pay $200,000 in restitution to Child Victim No. 1, and a $100 special assessment.  (D.E. 105.)

On July 27, 2010, Judge Laughrey sentenced Barkau to 300 months of incarceration and a life term of supervised release.  The district court further ordered Barkau to pay $200,000 in restitution to Child Victim No. 1,and a $100 special assessment.  (D.E. 130.)  The restitution orders for Palmer and Barkau each provided that Palmer and Barkau's liability was joint and several with the other.

The United States filed a timely notice of appeal in Palmer's case on June 7, 2010 (D.E. 109), and a timely notice of appeal in Barkau's case on

---

[2]"D.E." refers to the Western District of Missouri's district court ECF docket entry number for Criminal Case No. 08-00113-01/02- CR-W-NKL.

Appellate Case: 10-2272     Page: 12     Date Filed: 01/10/2011 Entry ID: 3742776

August 2, 2010.  (D.E. 132.)  Palmer filed a timely notice of cross-appeal on

June 21, 2010.  (D.E. 115.)  Barkau filed a timely notice of cross-appeal on

August 6, 2010.  (D.E. 136.)

## STATEMENT OF THE FACTS

The factual background of these cases is set forth in Palmer and Barkau's plea agreements. (D.E. 86 at 2-3; D.E. 87 at 2-3.) In 2000, Todd Barkau, with Debra Palmer's assistance, obtained control of a 12-year-old child.[3] With Palmer's knowledge and consent, Barkau sexually groomed and trained the child to become a Bondage Domination Sadism Masochism (BDSM) sexual dominatrix. While living with Barkau, Palmer allowed Barkau to engage in BDSM activities with the child and teach the child techniques to become a sexual dominatrix. Specifically, Barkau engaged in BDSM activities with the child, induced her to engage in sexual activities with other men while he watched, and using BDSM pornography over the internet to teach her techniques and skills to use as a dominatrix.

Barkau and Palmer resided in the same home as the child. When the child was 14-years-old, Barkau created a business out of the home where he advertised the child over the internet as a 19 to 20-year-old BDSM dominatrix, "Mistress Alisha" on a website that he created, www.EvilMistressAlisha.com. Palmer suggested the name "Alisha" for the child because it was her own

_____

[3]Palmer is the victim's mother. (Palmer Sent. Tr. 48.)

Appellate Case: 10-2272    Page: 14    Date Filed: 01/10/2011 Entry ID: 3742776

former stripper name. For two years, Barkau sold the child, as "Mistress Alisha," to sexually dominate men during online web sessions and in-person BDSM activities. This included, among other things, bondage, beatings, burning, and genital mutilation. The customers paid for the sexual services with United States currency received via PayPal and via "tributes," which were products that served in lieu of cash payment; for example, a DVD player, a cappuccino machine, and other electronics.

In committing the offenses, Barkau utilized Palmer, who lived in Barkau's residence with him and the child, to assist and encourage the child to serve as the sexual child dominatrix for the illegal BDSM business. In exchange for her assistance, Barkau provided Palmer financial and other benefits that he earned from the "Mistress Alisha" business.

The district court held a sentencing hearing for Palmer on May 5, 2010. The court sentenced Palmer to 180 months of imprisonment, followed by 10 years of supervised release.[4] (Palmer Sent. Tr. 57.)[5] As required by 18 U.S.C. § 1593, the court also considered the proper amount of restitution to order. The

---

[4]Palmer's judgment and commitment order is included as part of the Appendix to this brief.

[5]"Palmer Sent. Tr." refers to the transcript of Debra Palmer's sentencing proceedings held on May 5, 2010, before Judge Laughrey.

Appellate Case: 10-2272     Page: 15     Date Filed: 01/10/2011 Entry ID: 3742776

Government retained Dr. Gerald K. Gentry, a Kansas-licensed child psychologist, to project the costs to the victim of ongoing mental health treatment and medical care in the Kansas City area. After reviewing the plea agreement and other documents in the case, Dr. Gentry estimated that the victim will incur approximately $1,088,350 in medical costs over the next 30 years. (Expert Report 2-3.)[6] Among other treatments, Dr. Gentry assumed that the victim will participate in 10 years of weekly psychotherapy, 10 years of bimonthly psychotherapy, 10 years of monthly psychotherapy, 10 years of bimonthly couples therapy, 10 years of quarterly psychiatric follow-ups, and 120 days of inpatient psychiatric hospitalization. (Expert Report 2.) In his 30 years of clinical experience and treatment of more than 200 sexual abuse victims, Dr. Gentry stated that this case was "one of the two or three most egregious" he had ever seen. (Palmer Sent. Tr. 7, 29.)

At the sentencing hearing, defense counsel objected to Dr. Gentry's cost assessment on the basis of foundation. Counsel for the defendant argued that Dr. Gentry could not provide an accurate calculation without personally consulting the victim. (Palmer Sent. Tr. 30.) The Government countered that

---

[6]The Government attached Dr. Gentry's CV and Report to the Sentencing Memorandums, for Palmer and Barkau. (D.E. 103, 126.) Dr. Gentry's CV is included in the Addendum to this brief, and his Report is included an Addendum to this brief.

Appellate Case: 10-2272     Page: 16     Date Filed: 01/10/2011 Entry ID: 3742776

interviewing the victim again would run the risk of re-traumatizing her (Palmer Sent. Tr. 14, 30), and that it had provided "the best estimate that we would be able to calculate for the purposes of this order." (Palmer Sent. Tr. 45-46.) The district court ultimately found that the victim was entitled to $200,000 in restitution for future counseling costs, "due immediately." (Palmer Sent. Tr. 58.) The district court concluded that:

> [T]here is no question that there is going to be a need for . . . psychological services, and I think the victim has made that clear as well. But $200,000 ensures that all of even the expert's suggestions concerning 30 years of psychological services will be covered.

(Palmer Sent. Tr. 61.) However, the district court declined to award the additional $800,000 called for by Dr. Gentry's report because "it is purely speculative to believe there will be . . . $800,000 in medications and hospitalizations." (Palmer Sent. Tr. 62.)

The district court explained that if Palmer were unable to pay the full amount immediately, she would owe quarterly payments of $25 or 10 percent of earnings while incarcerated and monthly payments of $100 or 10 percent of gross income upon release. (Palmer Sent. Tr. 58.) Moreover, Palmer would be required to make payments into a restitution account until that account reaches $5,000 and thereafter maintain the account at $5,000 "so that counseling

-10-

expenses incurred can be paid from that account for the victim." (Palmer Sent. Tr. 58.)

Earlier in the proceeding, the Government noted that such a restitution scheme would require the victim to front the costs of counseling, which she is unable to do. (Palmer Sent. Tr. 34.) The victim had taken advantage of counseling through the Missouri Crime Victims Fund, but at some point the fund required the victim to pay $180 per session up front and the victim was unable to continue with the sessions. (Palmer Sent. Tr. 10.) In her statement to the court at the Palmer's sentencing, the victim said: "I have been unable at any point to carry on normal counseling because, to be honest you with you, keeping a job is extremely difficult, given my situation and my mental status. I want to go to counseling more than anything, but I can't afford it." (Palmer Sent. Tr. 47).

On July 27, 2010, the sentencing hearing for Barkau was held. At the hearing, defense counsel stipulated to the record made at the hearing for co-defendant Palmer and the parties agreed to incorporate both Dr. Gentry's report and his prior testimony for the purpose of Barkau's sentencing hearing. (Barkau Sent. Tr. 5.)[7] The district court had the Government state on the

---

[7]"Barkau Sent. Tr." refers to the transcript of Todd Barkau's sentencing proceedings held on July 27, 2010, before Judge Laughrey.

Appellate Case: 10-2272    Page: 18    Date Filed: 01/10/2011 Entry ID: 3742776

record, and in the presence of the victim, that the notice of appeal in the Palmer

case pertained to the district court's addition of a "special condition" for the

creation and maintenance of the $5,000 account:

> Ms. Cordes:  The issue that we have found with the order that was
> issued by the court at the last hearing specifically has to do with
> the term that was added for an account to be created, and for the
> amount of $5,000 to be paid into that specific account.  There's
> some concern in our office that the specific term circumvents the
> victim's ability to obtain the restitution funding.  There's also
> concern that it's contradictory to other terms in the restitution
> order, and so that's the purpose of filing the notice of appeal. . . .
> We're just not sure under the law that the specific term that was
> added regarding the $5,000 in an outside account is the
> mechanism to get there.

> The Court:  . . . If, in fact, that's error to do it that way, then based
> on the record I would not enter any restitution order because I felt
> there was not sufficient evidence from the expert who had never
> examined the person, the victim in the case.  So if that's an issue
> that needs to be readdressed in this hearing, I am willing to do
> that.  I can enter it as an alternative that if in fact this order is not
> sufficient under the law, then the alternative order would
> be—relying I assume on the same testimony? . . .  There would be
> no difference from the prior transcript?

> Ms. Cordes:  That's correct.

> The Court:  Then I would enter no order of restitution because
> there was insufficient evidence to show that this, in fact, was ever
> going to be – that the individual was ever going to, in fact, need or
> have this treatment, given that the expert had never examined her.

> Ms. Cordes:  . . . Our presumption was that the orders would need
> to be the same since they're based on the same testimony.  We're
> incorporating that expert's testimony for purposes of today–

-12-

The Court:  I think we can take care of that problem by just doing it in the alternative.  If it turns out on appeal I could not enter that order, I'll have an alternative order in this case.  And then when the other case comes back from the Eighth Circuit, I can enter the same order.

Ms. Cordes:  . . . that no restitution at all is ordered?

The Court:  That's correct.  That's correct.  And I'm assuming the testimony will be the same in this case as it was in the last case, that there had never been an evaluation done of the victim?

Ms. Cordes:  That's correct, Your Honor.  It would be the same.

(Barkau Sent. Tr. 6-8.)

The district court sentenced Barkau to 300 months of imprisonment and a life term of supervised relief.[8]  (Barkau Sent. Tr. 17-18.)  The district court found that the victim was entitled to $200,000.00 in restitution, rather than the $1,088,350 requested by the Government based upon Dr. Gentry's report, and further sentenced Barkau to pay $200,000 in restitution and a $100 special assessment.  The district court required Barkau, post-incarceration, to make monthly payments of $100 or 10% of gross income, whichever is greater, except that "Defendant [Barkau] is required to make said payments into an account until that account reaches $5,000.  Thereafter, defendant is to maintain

---

[8]The judgment and commitment order for Barkau is attached as part of the Addendum to this brief.

-13-

the account at $5,000 so that counseling expenses actually incurred can be paid from the account for the victim."  (Barkau Sent. Tr. 18.)

Judge Laughrey stated that if she was reversed regarding the "special condition" she created for the $5,000 account, on remand she would reverse her restitution order and find that there was insufficient evidence for any type of restitution order against either defendant.  In the announced sentence for Barkau, the district court stated:

> . . .  As to the restitution order, my alternative judgment is that I would not impose restitution if, in fact, my order is not proper because I felt that there was insufficient evidence to show, in fact, what counseling was needed and that it was going to be pure speculation.  So if this order is insufficient, the alternative order would be I would not impose any restitution solely because the record is not sufficient to convince me what is needed.

(Barkau Sent. Tr. 22.)

-14-

## SUMMARY OF THE ARGUMENTS

The district court erred by attaching a "special condition" to its $200,000 restitution order that allows Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing mental health treatment. Both the Trafficking Victims Protection Act (TVPA) and the Mandatory Victim Restitution Act (MVRA) require that restitution payments either be made in a lump sum, or be made in payments at specified intervals or periodically. Under the district court's special condition, Palmer and Barkau would only be required to make additional payments when the restitution account contains less than $5,000, which depends on the costs incurred by the victim and cannot be reduced to preestablished intervals. This regime does not comply with the restitution statutes, and essentially undermines Congress's requirement that restitution be mandatory in a case such as this one. Moreover, by requiring the victim to first incur costs before requesting funds from the restitution account, the special condition creates a barrier to the victim ever receiving needed counseling. This requirement in itself violates the MVRA, which requires restitution not for the expenses incurred by the victim, but instead for an amount equal to the victim's medical or psychological care.

-15-

The district court also erred when it stated on the record that it would award no restitution at all on remand if the Court of Appeals reversed the imposition of the "special condition" to its $200,000 restitution order that allows Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing. If this Court reverses the imposition of the special condition, the United States asks that the district court be instructed on remand only to remove the special condition from the judgment and commitment orders, and not to revoke the restitution that the district court properly determined was appropriate.

-16-

# ARGUMENTS

## I.

**In a case where Debra Palmer, the defendant mother, and defendant mother's boyfriend, Todd Barkau, facilitated the abuse of Palmer's minor daughter for the purposes of commercial sex trafficking, the district court erred by attaching a "special condition" to its $200,000 restitution order that allows Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing mental health treatment, where both 18 U.S.C. § 1593 and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, require that the restitution be in the full amount of the victim's losses, and that any partial payments be made at specified intervals or periodically.**

The district court erred when it imposed a special condition of supervised release as to the $200,000 restitution orders for Palmer and Barkau that allows the defendants to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing mental health treatment. The special condition violates both the human trafficking restitution statute, 18 U.S.C. § 1593, and the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, which require that the restitution ordered be in the full amount of the victim's losses, and that any partial payments be made at specified intervals or periodically. A special condition of this type essentially circumvents the statutory requirement that restitution be mandatory. In addition, the special condition virtually guarantees that the

-17-

victim will never be able to obtain counseling by requiring her to pay for counseling out of pocket and then seek reimbursement. This requirement in itself violates the MVRA.

## A.   *Standard of Review*

The Eighth Circuit reviews restitution orders for abuse of discretion and application of restitution statutes *de novo*. *United States v. Bryant*, 606 F.3d 912, 922 (8th Cir. 2010).

## B.   *Discussion*

Pursuant to plea agreements, Palmer and Barkau pleaded guilty to aiding and abetting the commercial sex trafficking of a minor, in violation of 18 U.S.C. § 1591. That offense was enacted as part of the Trafficking Victims Protection Act (TVPA) of 2000 and falls within Chapter 77 of Title 18. Section 1593 of Chapter 77 imposes mandatory restitution for the violation of any offense in that chapter. 18 U.S.C. § 1593(a).[9] The restitution order must

---

[9]18 U.S.C. § 1593 provides in relevant part that:

(a) Notwithstanding section 3663 of 3663A, and in addition to any other civil or criminal penalties authorized by law, the court shall order restitution for any offense under this chapter.

(b)(1) The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses, as determined by the court under paragraph (3) of this subsection.

Appellate Case: 10-2272     Page: 25     Date Filed: 01/10/2011 Entry ID: 3742776

direct the defendant to pay the "full amount of the victim's losses." 18 U.S.C. § 1593(b)(1). The "full amount of the victim's losses" includes, *inter alia*, expenses for medical services relating to physical, psychiatric, and psychological care. 18 U.S.C. §§ 1593(b)(3), 2259(b)(3)(A).[10] These losses also include the future costs of treatment. *United States v. Julian*, 242 F.3d 1245, 1248 (10th Cir. 2001); *United States v. Laney*, 189 F.3d 954, 967 (9th Cir. 1999).

---

(2) An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.

(3) As used in this subsection, the term "full amount of the victim's losses" has the same meaning as provided in section 2259(b)(3).

[10] 18 U.S.C. § 2259(b)(3) and (4) provides that:

(b)(3) Definition–For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for–

(A) medical services relating to physical, psychiatric, or psychological care; . . .

(4) Order Mandatory

(A) The issuance of a restitution order under this section is mandatory.

(B) The court may not decline to issue an order under this section because of–(i) the economic circumstances of the defendant; or (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.

Appellate Case: 10-2272    Page: 26    Date Filed: 01/10/2011 Entry ID: 3742776

A restitution order under § 1593 must be issued and ordered in accordance with 18 U.S.C. § 3664. *See* 18 U.S.C. § 1593(b)(2); *see also* 18 U.S.C. § 3663A(d). The district court must issue such restitution orders "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). However, the court may consider the defendant's financial resources when fashioning a particular payment schedule. 18 U.S.C. § 3664(f)(2). The payment schedule should direct the defendant to make a lump-sum payment, partial payments at designated intervals, in-kind payments, or a combination of the final two options. 18 U.S.C. § 3664(f)(3)(A). A court may also direct the defendant to make nominal payments at specified intervals if the defendant is unable to pay any amount of the restitution order. 18 U.S.C. § 3664(f)(3)(B).

Here, the district court imposed a lump sum payment of $200,000, "due immediately." (Palmer Judgment 7; Barkau Judgment 7.) In a special condition, however, the court stated that if Palmer or Barkau is unable to pay the full amount immediately, they would be required to make periodic payments as a function of their earnings during incarceration and their gross income following imprisonment. (Palmer Judgment 7; Barkau Judgment 7.) Despite this seemingly contradictory language, the special instruction accords

-20-

with the statutory payment factors in § 3664(f)(2). *See United States v. McGlothlin*, 9 F.3d 783, 784-85 (8th Cir. 2001). Moreover, an order to pay the full amount "immediately" usually only mandates "payment to the extent that the defendant can make it in good faith, beginning immediately." *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (quoting *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999)).

However, the district court then ordered Palmer and Barkau to only make payments into a restitution account until that account reaches $5,000. After that point, Palmer and Barkau must "maintain the account at $5,000 so that counseling expenses actually incurred can be paid from the account for the victim." (Palmer Judgment 7; Barkau Judgment 7.) This special instruction does not comport with the statutory language of §§ 1593 or 3664 because such a payment scheme constitutes neither a lump-sum payment nor partial payments at court-designated intervals. *See* 18 U.S.C. § 3664(f)(3)(A). Rather, Palmer and Barkau would only be required to make additional payments when the restitution account contains less than $5,000, which depends on the costs incurred by the victim and cannot be reduced to preestablished intervals. Consequently, the special condition violates the statutorily-mandated requirements that a defendant's payments be made at "specified intervals," or

-21-

be "periodic," 18 U.S.C. § 3664(f)(3)(A) and (B), which means that the payments must occur at regular pre-established times.[11]

The restitution orders in these cases avoid the MVRA's requirement that restitution be mandatory in a case where, as here, an identifiable victim has suffered injury as the result of a crime of violence. The Tenth Circuit recently addressed Congress's clear intention in enacting the MVRA:

> First, the language of the Act itself. As its name suggests, the Mandatory Victims Restitution Act is all about mandating restitution. No longer is the decision whether to order restitution for certain crimes left to the discretion of the district court. *See United States v.* , 41 Fed.Appx. 380, 383-84 (10th Cir. 2002). The absolute nature of the district court's obligation is unmistakable from the very first paragraph of the Act. There, Congress has prescribed that "[n]otwithstanding any other provision of law, when sentencing a defendant convicted of [an offense covered by the Act], the court shall order . . . restitution." 18 U.S.C. § 3663A(a)(1) (emphasis added). Plainly, Congress has decided that defendants who have committed certain offenses should never be able to avoid restitution.

*United States v. Dolan*, 571 F.3d 1022, 1025-26 (10th Cir. 2009). *See also United States v. Schulte*, 264 F.3d 656, 661 n.2 (6th Cir. 2001) (Senate committee's intent "that courts order full restitution to all identifiable victims of covered offenses.")

---

[11]Merriam-Webster's Dictionary defines "interval" as "a space of time between events or states," "specify" as "to name or state explicitly or in detail," and "periodic" as "occurring at regular intervals."

-22-

By imposing the $5,000 account ceiling, the district court has relieved the defendants from their minimum statutory obligation to make payments at regular intervals toward the entire $200,000 restitution amount. Compounding the issue is the fact that the special condition expressly requires the victim to seek reimbursement for out of pocket expenses, creating a barrier to the victim ever receiving the counseling she needs. The victim has expressed a genuine willingness to attend counseling (Palmer Sent. Tr. 47), but would be unable to access more than $5,000 at any given time under the district court's plan, and she can only be "reimbursed" for her counseling expenses. As one court has noted:

> When a crime results ''in bodily injury to a victim,'' however, the MVRA does not limit restitution for medical or psychological costs to those expenses incurred by the victim. 18 U.S.C. § 3663A(b)(2). Rather, the statute expressly provides that a court ''shall order'' the defendant to ''pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment.'' § 3663A(a)(1) and (b)(2)(A).

*United States v. Johnson*, 400 F.3d 187, 200 (4th Cir. 2005). By limiting reimbursement from the $5,000 fund to costs actually incurred by the victim, the district court erred.

-23-

And in the event that the victim does not incur costs beyond $5,000 or fails to request reimbursement payments from the restitution account, Palmer and Barkau would only ever be required to pay $5,000 of a $200,000 restitution order that was ordered to be paid "immediately." Partial payment would negate the nature of mandatory restitution, *see* 18 U.S.C. § 1593(a), and would frustrate the purposes of the TVPA, *see* Pub. L. No. 106-386 § 102, 114 Stat. 1464, 1466 (2000) (establishing purpose "to ensure just and effective punishment of traffickers, and to protect their victims"). Therefore, the Government asserts that the district court erred in this portion of the restitution order, and requests this Court to reverse the district court's "special condition" to its $200,000 order, and remand both cases for resentencing, directing the court to enter a new judgment modifying solely the terms of the special condition and establishing a payment schedule that comports with the TVPA and the MVRA, but not otherwise modifying the $200,000 restitution award.

Appellate Case: 10-2272    Page: 31    Date Filed: 01/10/2011 Entry ID: 3742776

## II.

**The district court erred when it stated on the record that it would award no restitution at all on remand if the Court of Appeals reversed the imposition of the "special condition" to its $200,000 restitution order that allows Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing.**

The district court erred when it stated on the record that it would award no restitution at all on remand if the Court of Appeals reversed the imposition of the "special condition" to its $200,000 restitution order that allows the defendant to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing. The Court of Appeals' determination of the legality of the special condition has no rational relationship to the district court's determination of the restitution amount.

The district court predicated its determination of the $200,000 restitution amount upon the report and testimony of Dr. Gerald K. Gentry, a Kansas-licensed child psychologist. The district court concluded that "[T]here is no question that there is going to be a need for . . . psychological services." (Palmer Sent. Tr. 61.) The district court's conclusion is reinforced by prior case law. *See United States v. Julian*, 242 F.3d 1245, 1247-48 (10th Cir. 2001) (Congress is aware that children victimized by sexual abuse often do not

-25-

recover quickly from their injuries) (quoting *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999)); a few months of counseling for a victim insufficient).

Given the district court's clearly correct conclusion that this victim, who suffered horrific sexual, physical, and psychological abuse during her childhood years at the hands of the defendants would require long-term counseling, the district court's later statement, made in the presence of the victim of the offense, that she would make a completely contrary factual finding on remand if the Court of Appeals reversed the terms of the special condition is entirely inexplicable. The district court's restitution order is justified on its own merits. The special condition establishing the $5,000 account has nothing to do with the bases for that order. Given that there is no rational relationship between the two, the United States asks that, if this Court agrees with the United States' appeal and reverses the imposition of the special condition establishing the $5,000 account, that this Court direct that on remand the district court shall enter new judgments eliminating the special condition from each judgment, but not otherwise modifying the $200,000 restitution order, the order that the restitution is due and payable immediately, and the payment schedules, as those portions of the judgments are both legal and sufficient under the TVPA and the MVRA.

-26-

## CONCLUSION

For the reasons previously discussed, the district court's judgments attaching a "special condition" to its $200,000 restitution order that allows Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing mental health treatment should be reversed.

Respectfully submitted,

BETH PHILLIPS
  United States Attorney

By

*/s/ James C. Bohling*

JAMES C. BOHLING
  Assistant United States Attorney

*/s/ Cynthia L. Cordes*

CYNTHIA L. CORDES
  Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

*Attorneys for Appellee*

-27-

Appellate Case: 10-2272    Page: 34    Date Filed: 01/10/2011 Entry ID: 3742776

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(a)(7)(C), that this brief complies with the type-volume limitations in Fed. R. App. P. 32(a)(7)(B) and contains 5239 words. The brief was prepared using WordPerfect for Windows Version X4 software. In making this certification I have relied upon the word-count feature of WordPerfect for Windows, Version X4. Furthermore, the brief has been determined to be virus-free in compliance with Eighth Circuit Rule 28A(h).

*/s/ James C. Bohling*

_____
James C. Bohling
Assistant United States Attorney

-28-

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2011, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A paper copy will be served on participants in the case by U.S. Mail, postage prepaid, within five days of the Court's notice that the brief has been reviewed and filed.

I hereby certify that a copy of the Government's brief was mailed on January 6, 2011, to:

Stephen C. Moss
Assistant Federal Public Defender
818 Grand Boulevard, Suite 300
Kansas City, Missouri 64106

Lance Sandage
4700 Belleview Avenue
Suite 404
Kansas City, Missouri 64112

*Attorneys for Appellee*

**/s/ James C. Bohling**
_____
James C. Bohling
Assistant United States Attorney

Appellate Case: 10-2272    Page: 36    Date Filed: 01/10/2011 Entry ID: 3742776