**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

────────────

No. 10-2272/10-2399 WMKC

────────────

UNITED STATES OF AMERICA,
Appellant/Cross-Appellee,

v.

DEBRA PALMER,
Appellee/Cross-Appellant.

────────────

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

────────────

**BRIEF FOR APPELLEE/CROSS-APPELLANT**

────────────

RAYMOND C. CONRAD
Federal Public Defender
Western District of Missouri

STEPHEN C. MOSS
Assistant Federal Public Defender
Western District of Missouri
818 Grand, Suite 300
Kansas City, Missouri 64106
(816) 471-8282
COUNSEL FOR MS. PALMER

## SUMMARY OF THE CASE

On May 5, 2010, the court sentenced Ms. Palmer to 180 months of incarceration for commercial sex trafficking involving a minor. The government presented an estimate from Dr. Gerald Gentry regarding what mental health expenses the victim might incur. Despite neither examining the victim nor reviewing any actual evidence, Gentry surmised the victim would incur future medical and psychiatric expenses of $1,088,350.00. The government acknowledged this figure was just an estimate, and explained that any money not used for counseling could be returned to Ms. Palmer at some point.

The court ordered Ms. Palmer to pay restitution not to exceed $200,000 for future counseling expenses. The court ordered Ms. Palmer to make payments until the account reached a balance of $5,000. The court included a condition whereby disbursements for actual expenses would trigger additional payments to bring the balance back up to $5,000. The government did not object to this condition at sentencing.

The government filed a notice of appeal seeking review of the order requiring Ms. Palmer to maintain a restitution fund of $5,000. Ms. Palmer cross-appealed the order of any restitution at all based on the speculative nature of the evidence.

Ms. Palmer requests twenty minutes for oral argument.

i

# TABLE OF CONTENTS

SUMMARY OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    ISSUE I: The court erred by ordering Ms. Palmer to pay $200,000 in restitution
    when the evidence of future loss was entirely speculative based on the
    government witness's failure to interview the victim and failure to examine any
    actual evidence in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B. Because the government witness neither interviewed the victim nor
    examined the actual evidence, the court erred by surmising that the victim
    would incur future counseling expenses in the amount of $200,000. . . . . . . 7

    ISSUE II: Assuming, *arguendo*, that the speculative testimony was sufficient
    to impose restitution, the court did not commit plain error by tailoring the order
    in a manner that tied payments to actual expenses incurred by the victim. . 9

    A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Appellate Case: 10-2272   Page: 3   Date Filed: 02/08/2011   Entry ID: 3753844
Appellate Case: 10-2272   Page: 3   Date Filed: 02/08/2011   Entry ID: 3752984

B.  The court's tailoring of a restitution order that required Ms. Palmer to maintain a $5,000 account balance for future counseling expenses was not plain error given the speculative nature of the testimony offered by the government and statutory authority that specifically grants the court discretion to order restitution for losses that are incurred after sentencing. . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## Cases

United States v. Berndt, 86 F.3d 803 (8th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . 7

United States v. Cupit, 169 F.3d 536 (8th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . 7

United States v. Jennings, 2010 WL 4236643 (W.D. Mo. Oct. 14, 2010). . . . . . 2, 7

United States v. Johnson, 400 F.3d 187 (4th Cir. 2005). . . . . . . . . . . . . . . . . 12, 13

United States v. Kessler, 48 F.3d 1064 (8th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . 9

United States v. Laney, 189 F.3d 954 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . 8

United States v. Lovelace, 565 F.3d 1080 (8th Cir. 2009). . . . . . . . . . . . . . . . . . 11

United States v. Manzer, 69 F.3d 222 (8th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . 9

United States v. McGlothlin, 249 F.3d 783 (8th Cir. 2001). . . . . . . . . . . . . . . . . 11

United States v. Pearson, 570 F.3d 480 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . 2, 8

United States v. Petruk, 484 F.3d 1035 (8th Cir. 2007). . . . . . . . . . . . . . . . . . . . . 7

United States v. Pierce, 479 F.3d 546 (8th Cir. 2007). . . . . . . . . . . . . . . . . . . . . 10

United States v. Redlin, 983 F.3d 893 (8th Cir. 1993). . . . . . . . . . . . . . . . . . . . . 10

United States v. Riebold, 135 F.3d 1226 (8th Cir. 1998). . . . . . . . . . . . . . . . . . 2, 9

United States v. Ross, 210 F.3d 916 (8th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . 10

United States v. Stapleton, 268 F.3d 597 (8th Cir. 2001). . . . . . . . . . . . . . . . . . 11

United States v. Vanhorn, 344 F.3d 729 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . 11

iv

<u>United States v. Vaughn</u>, 519 F.3d 802 (8th Cir. 2008).. . . . . . . . . . . . . . . . . . . . . 12

## Statutes

18 U.S.C. § 3664. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8, 11, 12

## Rules

Fed. R. Crim. P. 52(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Evid. 702. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

Appellate Case: 10-2372    Page: 6    Date Filed: 02/08/2011 Entry ID: 3753844

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

———————————

No. 10-2272/10-2399 WMKC

———————————

UNITED STATES OF AMERICA,
Appellant/Cross-Appellee,

v.

DEBRA PALMER,
Appellee/Cross-Appellant.

———————————

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

———————————

**BRIEF FOR APPELLEE/CROSS-APPELLANT**

———————————

## STATEMENT OF THE ISSUES[1]

**ISSUE I: The court erred by ordering Ms. Palmer to pay $200,000 in restitution when the evidence of future loss was entirely speculative based on the government witness's failure to interview the victim and failure to examine any actual evidence in the case.**

Fed. R. Evid. 702.

United States v. Jennings, 2010 WL 4236643 (W.D. Mo. Oct. 14, 2010).

United States v. Pearson, 570 F.3d 480 (2d Cir. 2009).

**ISSUE II: Assuming, *arguendo*, that the speculative testimony was sufficient to order restitution, the court did not commit plain error by tailoring the order in a manner that tied payments to actual expenses incurred by the victim.**

United States v. Riebold, 135 F.3d 1226 (8th Cir. 1998).

18 U.S.C. § 3664(f)(3).

18 U.S.C. § 3664(d)(5).


## STATEMENT OF THE CASE

On May 5, 2010, the court sentenced Ms. Palmer to 180 months of incarceration pursuant to a negotiated plea between the parties (Designated Record [herein "DR"] at 49). At sentencing the government presented an estimate from Dr.

---

[1]Because the issues and respective standards of review are not the same for each appellee/cross-appellant, counsel has designated Issue I as Ms. Palmer's cross-appeal and Issue II as her appellee response to the government appeal.

2

Gerald Gentry regarding potential counseling and psychiatric treatment costs that he envisioned the victim might incur (Sentencing Transcript [herein "ST"] at 6-25). As of Ms. Palmer's sentencing, however, the victim had incurred no out-of-pocket expenses for treatment (ST at 5).

Ms. Palmer objected to Gentry's testimony for lack of foundation (ST at 5). Specifically, Ms. Palmer contended that Gentry had no basis for the estimate because he had never examined the victim, and never reviewed the actual evidence in the case (ST at 5,8-9). Ms. Palmer also contended there was no foundation regarding "how any of these things would apply to the victim in this particular case" (ST at 8).

Gentry testified that an interview of the victim was unnecessary to render his estimate because "the facts speak for themselves" (ST at 13). Gentry did not review any actual evidence, but instead relied solely on the factual statements contained in the plea agreements (ST at 14, 18). Ms. Palmer renewed her objection to the restitution issue at the conclusion of Gentry's testimony (ST at 25, 30-31, 45).

The government noted that the victim would only receive funding for expenses that were actually incurred, but could not tell the court what would happen to any money that was not used to reimburse the victim for expenses (ST at 26-28). The government's "guess" was that "it's somehow redistributed or it goes back to the defendants" (ST at 28).

3

The court ordered restitution of $200,000 for future counseling expenses, and included a condition that required Ms. Palmer to make payments until the account reached a balance of $5,000 (ST at 58). The court further ordered that Ms. Palmer make additional payments to bring the account balance back to $5,000 whenever money was disbursed for actual expenses incurred by the victim (ST at 58, 62). The court explained that the evidence itself was "very speculative," and the record on which Gentry's estimate "was based is very speculative" (ST at 61). The government failed to object to this ruling in any manner (ST at 58, 63).

## STATEMENT OF FACTS[2]

Gentry met the victim about an hour before sentencing (ST at 15). Gentry knew nothing about the victim's employment status, present mental condition, alcohol or drug usage, or medication needs (ST at 15-16). Gentry did not diagnose the victim with any mental illness (ST at 16). Gentry admitted that his estimate was a median cost, rather than an average, and conceded that the actual costs "could be

---

[2]The government brief's recitation of the facts includes statements of counsel and an unsworn statement from the victim that was not subject to cross-examination. See Gov. Brief at 11. Ms. Palmer does not concede that these factual assertions constitute "evidence" for purposes of resolving this appeal.

Appellate Case: 10-2272   Page: 10   Date Filed: 02/09/2011   Entry ID: 3753844

much greater than a million dollars" and "much lower than a million dollars" (ST at 16-18).

Gentry never reviewed hours of phone conversations between the victim and Ms. Palmer, and characterized such evidence as irrelevant to his estimate (ST at 18). Gentry was not fully aware of the relationship between Ms. Palmer and her codefendant Todd Barkau (ST at 21). Likewise, Gentry was unaware that the victim spent several weeks visiting her grandparents during the course of this offense (ST at 23). Gentry could not recall the factual basis for many of the assertions upon which his estimate was based (ST at 22-23).

Gentry reviewed the plea agreements of both Ms. Palmer and codefendant Barkau to arrive at his estimate (ST at 35). Gentry testified that his estimate would be the same even if he were to set aside the stipulated facts contained in the Barkau plea agreement (ST at 37). On further inquiry, however, Gentry was not capable of distinguishing what those facts were (ST at 37-38).

## SUMMARY OF THE ARGUMENT

The court erred by ordering Ms. Palmer to pay $200,000 in restitution for the victim's future counseling needs when the government's only evidence regarding this issue came from a witness that never interviewed the victim, and never examined any

5

actual evidence in this case. Because a victim's future counseling needs is unique and varies according to a myriad of individual factors, an estimate must include, at the very least, an interview of the victim to reliably predict future counseling expenses. Because the government failed to satisfy its evidentiary burden regarding this issue, the court clearly erred by ordering restitution based on such speculative testimony.

Assuming that such speculative testimony was sufficient to satisfy the government's burden of proof regarding this issue, the court did not plainly err by conditioning future restitution payments upon the accrual of actual expenses. The government presented no evidence that the order tailored by the court would in any way hinder the victim's ability to obtain mental health services. Indeed, the statutory framework specifically recognizes that future losses may not be ascertainable by the time of sentencing, and provides a mechanism for their recovery.

Given the statutory recognition that some losses might not materialize until well after sentencing, the court's order cannot be deemed plain error. Moreover, the court's order did not affect the substantial rights of the victim or any other person, and certainly did not adversely impact the fairness, integrity, or public reputation of judicial proceedings. For all these reasons, the relief requested by the government should be denied.

# ARGUMENTS

**ISSUE I: The court erred by ordering Ms. Palmer to pay $200,000 in restitution when the evidence of future loss was entirely speculative based on the government witness's failure to interview the victim and failure to examine any actual evidence in the case.**

## A. Standard of Review

A clearly erroneous standard of review applies to factual findings relating to restitution. United States v. Cupit, 169 F.3d 536, 539 (8th Cir. 1999).

## B. Because the government witness neither interviewed the victim nor examined the actual evidence, the court erred by surmising that the victim would incur future counseling expenses in the amount of $200,000.

The burden of demonstrating loss for restitution is on the government. 18 U.S.C. § 3664(e); United States v. Berndt, 86 F.3d 803, 809 (8th Cir. 1996). The government conceded that the purpose of calling Gentry was not to "say exactly what she'll need or what type of services she'll actually utilize in the future" (ST at 26). Ms. Palmer lodged repeated foundational objections to the testimony of Gentry based on his failure to interview the victim and his failure to examine any actual evidence in the case. Given these omissions, Gentry's testimony offered nothing more than conjecture regarding the extent of any future counseling expenses.

An expert witness may testify in the form of an opinion if the testimony is based on sufficient facts, and is the product of reliable principles and methods. Fed.

7

R. Evid. 702. A mere review of the stipulated facts in a plea agreement is not the sort of sufficient facts contemplated by Fed. R. Evid. 702 to establish a reliable estimate of future medical and psychiatric expenses. Moreover, the testimony did not establish any basis to conclude that the estimate was the product of reliable principles and methods. Such speculative testimony is inadmissible.

United States v. Jennings, which involved the same sort of speculative testimony from the same witness, is directly on point. 2010 WL 4236643 (W.D. Mo. Oct. 14, 2010). Just as he did in this case, Gentry opined that the abuse of the victims in Jennings was "one of the worst cases he had ever seen." Compare id. at *1 with ST at 7. Gentry reviewed videotaped interviews of two victims in addition to the stipulated facts in the plea agreement. Id. Gentry did not, however, "interview any of the victims or otherwise conduct an individualized assessment." Id.

The court noted that restitution "must be based on the amount of loss *actually caused* by the defendant's offense. Id. (citing United States v. Petruk, 484 F.3d 1035, 1036 (8th Cir. 2007)) (emphasis supplied). The court concluded that Gentry's testimony was "inherently speculative because it is based on severely limited information." Id. at *2. Relying in part on Judge Laughrey's reasoning in this case, the court noted that "the resiliency of victims varies widely, and there is no way a

8

court can accurately determine a victim's future mental health needs without an individualized assessment." Id.

"An order of restitution for future losses may be inappropriate [where] the amount of loss is too difficult to confirm or calculate." United States v. Pearson, 570 F.3d 480, 486 (2d Cir. 2009) (citing United States v. Laney, 189 F.3d 954, 967 n.14 (9th Cir. 1999)). Where further losses are likely but the amount cannot be calculated with reasonable certainty at the time of sentencing, a victim may be able to secure compensation for further losses pursuant to 18 U.S.C. § 3664(d)(5). Id. at 486-87. Given the inherently speculative nature of Gentry's testimony, the court clearly erred by ordering Ms. Palmer to pay $200,000 in future counseling expenses.

**ISSUE II: Assuming, *arguendo*, that the speculative testimony was sufficient to impose restitution, the court did not commit plain error by tailoring the order in a manner that tied payments to actual expenses incurred by the victim.**

## A. Standard of Review

Because the government failed to object during the sentencing hearing when the court pronounced its order of restitution, this Court's review is limited to plain error. United States v. Riebold, 135 F.3d 1226, 1231 (8th Cir. 1998) (citing United States v. Manzer, 69 F.3d 222, 229 (8th Cir. 1995)); United States v. Kessler, 48 F.3d

9

1064, 1066 (8th Cir. 1995) (citing <u>United States v. Redlin</u>, 983 F.3d 893, 896 (8th Cir. 1993)).

### B. The court's tailoring of a restitution order that required Ms. Palmer to maintain a $5,000 account balance for future counseling expenses was not plain error given the speculative nature of the testimony offered by the government and statutory authority that specifically grants the court discretion to order restitution for losses that are incurred after sentencing.

The district court enjoys wide discretion in ordering restitution. <u>United States v. Pierce</u>, 479 F.3d 546, 554 (8th Cir. 2007) (citing <u>United States v. Ross</u>, 210 F.3d 916, 924 (8th Cir. 2000)). The government maintains that the court's order requiring Ms. Palmer to maintain a $5,000 balance for restitution undermines congressional intent that restitution be mandatory and creates a barrier to the victim's ability to obtain counseling. Gov. Brief at 15. The record supports neither claim.

Put simply, if the victim incurs $200,000 of counseling expenses in the future, the court's order mandates Ms. Palmer to pay that amount in restitution. The court ordered this amount despite its conclusion that the basis of Gentry's estimate was "very speculative" (ST at 61). Essentially, the court crafted an order that attempted to rectify the speculative nature of the evidence presented by the government. Given this evidentiary deficiency, the court fashioned an order that conditioned payments on "counseling expenses actually incurred" by the victim (ST at 58). Even when restitution is mandatory, the court retains "substantial discretion in determining how

10

that mandatory restitution is to be paid." United States v. Vanhorn, 344 F.3d 729, 731 (8th Cir. 2008) (citing United States v. McGlothlin, 249 F.3d 783, 784 (8th Cir. 2001)).

The statutory framework specifically allows for payments at specified intervals, and affords the court "substantial discretion in determining how restitution is to be paid." See McGlothlin, 249 F.3d at 784 (construing 18 U.S.C. § 3664(f)). At no place does the statute suggest that such intervals cannot be conditioned upon the accrual of actual expenses. The government presumes that the payment intervals must be "preestablished" at the time of sentencing, but offers no authority to support this claim. Given the lack of authority offered by the government, this ruling cannot be considered error that is plain. See United States v. Lovelace, 565 F.3d 1080, 1092 (8th Cir. 2009) (plain error is one that is "clear or obvious under current law").

The record also fails to support the government claim that the order creates a barrier to the victim's ability to obtain counseling. The government offered no evidence that mental health providers required copayments at the time of service. For that matter, neither did the victim when addressing the court (ST at 47-57). Even if mental health providers required the victim to satisfy copayments at the time of service, there was no evidence that $5,000 was an insufficient amount to allow the pursuit of such treatment. Cf. United States v. Stapleton, 268 F.3d 597, 598 (8th Cir.

11

2001) (placing witness under oath and providing opportunity to cross-examine is constitutionally sufficient to resolve disputed facts at sentencing).

The government relies on United States v. Johnson, 400 F.3d 187 (4th Cir. 2005), to suggest a distinction between a victim's actual expenses and "an amount equal to the victim's" treatment (Gov. Brief at 15, 23). A review of that case, however, reveals that the court did not draw any distinction, semantic or metaphysical, between a victim's expenses and a victim's cost of treatment. Johnson involved a claim that the defendant should not have been ordered to pay restitution to a counseling service for the reduction in fees that it had charged the victim. 400 F.3d at 200. The court held that the defendant was obligated to pay restitution for both the victim's actual expenses as well as the fair cost of treatment born by the counseling service. Id. Johnson provides no support for the distinction the government attempts to depict.

The statutory framework for enforcement of restitution recognizes that the full extent of loss may not be ascertainable by the time of sentencing. 18 U.S.C. § 3664(d)(5). Subsection (d)(5) specifically allows a court to amend a restitution order upon the discovery of future losses by a victim. The court's order conditioning payments on the accrual of actual loss in this case was a practical solution that shared the same rationale as this statutory authority. Because the court's ruling is entirely

12

consistent with the statutory framework designed by Congress, this Court has no basis to deem it plain error.

Even if the ruling somehow constituted plain error, relief is still not warranted because it does not adversely affect the substantial rights of the government, the victim, or any other person. See United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008) (citing United States v. Johnson, 520 U.S. 461, 466-67 (1997); Fed. R. Crim. P. 52(b)). If, and only if, the court's ruling constitutes plain error that affects substantial rights, the court *may* exercise its discretion to correct an error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citing Johnson, 520 U.S. at 467) (emphasis added). Because the government cannot meet this heavy burden, the court's ruling requiring Ms. Palmer to maintain a $5,000 account balance for restitution should be affirmed.

13

## **CONCLUSION**

For these reasons, Ms. Palmer requests this Court to reverse the district court's $200,000 order of restitution. In the alternative, Ms. Palmer requests this Court to affirm the condition that requires her to maintain a $5,000 account balance for restitution.

Respectfully submitted,

 /s/ Stephen C. Moss
STEPHEN C. MOSS
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106
(816) 471-8282

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the page limitations (no more than 1,300 lines of monospaced type) as set forth in Fed. R. App. P. 32(a)(7)(C) and contains 3,769 words. I further certify that WordPerfect X3 for Windows, Times New Roman Font Face in Font size 14 was used to prepare this brief, and the brief and addendum have been determined to be virus-free in compliance with Eighth Circuit Rule 28A(c).

/s/ Stephen C. Moss
STEPHEN C. MOSS


## CERTIFICATE OF SERVICE

It is hereby CERTIFIED that on February 8th, 2011, the foregoing was electronically submitted with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A paper copy will be served on participants in the case by U.S. Mail, postage prepaid, within five days of the Court's notice that the brief has been reviewed and filed.

I hereby certify that bound copies of the appellant's brief and addendum were mailed on this ___ day of February, 2011 to:

Debra Palmer #37425-177
FCI Danbury
Route 37
33½ Pembroke Station
Danbury, CT 06811

Cynthia Cordes, AUSA
400 E. 9th Street
Kansas City, MO 64106

/s/ Stephen C. Moss
STEPHEN C. MOSS

15