# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

—————————————

Nos. 10-2724 / 10-2824

—————————————

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **UNITED STATES OF AMERICA,** |
| Appellant, | Appellee, |
| v. | v. |
| **TODD BARKAU** | **TODD BARKAU,** |
| Appellee | Cross-Appellant |

—————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

HONORABLE NANETTE K. LAUGHREY, DISTRICT JUDGE

—————————————

**BRIEF FOR TODD BARKAU**
—————————————

LANCE D. SANDAGE

The Sandage Law Firm, P.C.

4700 Belleview, Suite 404

Kansas City, Missouri 64112

Telephone: (816) 753-0800

Lance@sandagelaw.com

*Attorney for Appellee / Cross-Appellant Todd Barkau*

## SUMMARY OF THE CASE

The United States of America, the appellant and cross-appellee, appeals the district court's order regarding restitution for the alleged victim, specifically the district court's imposition of a "special condition," which required Todd Barkau and Debra Palmer to pay restitution into a designated account until the account reached a total of $5000.00, and, at any point thereafter, Mr. Barkau and Ms. Palmer were ordered to make restitution payments to ensure that the designated account maintained the $5000.00 balance for use by the alleged victim for counseling services. Furthermore, the United States of America appeals the district court's ruling that if the Court of Appeals reversed the special condition of the restitution order on appeal, the district court would not impose restitution on remand based on insufficient evidence to warrant restitution in this case. By way of cross-appeal, Mr. Barkau, the appellee and cross-appellant, appeals the district court's imposition of restitution at sentencing.

Mr. Barkau requests 15 minutes for oral argument.

Appellate Case: 10-2724   Page: 2   Date Filed: 02/09/2011   Entry ID: 3753849
Appellate Case: 10-2724   Page: 2   Date Filed: 02/08/2011   Entry ID: 3752980

# TABLE OF CONTENTS

**Page**

SUMMARY OF THE CASE ................................................................................. i

TABLE OF CONTENTS .................................................................................... ii

TABLE OF AUTHORITIES ............................................................................... iv

STATEMENT OF THE ISSUES ......................................................................... 1

STATEMENT OF JURISDICTION ..................................................................... 3

STATEMENT OF THE CASE ............................................................................ 4

STATEMENT OF THE FACTS .......................................................................... 6

SUMMARY OF THE ARGUMENTS .................................................................. 9

ARGUMENTS

    I.    The district court did not err in ordering Mr. Barkau to pay partial payments of restitution to the victim for reimbursement or advanced payment of the victim's psychological care where the order set forth with particularity the interval by which Mr. Barkau was mandated to make partial payments of restitution. ........................................................................................... 10

        A.  The victim may request reimbursement for paid costs or advanced payment from the $5000.00 account established by the district court for future costs associated with psychological treatment. .......................... 11

        B.  The district court specified the interval by which Mr. Barkau must make partial payments into the restitution account when it stated that payments must occur whenever the account balance falls below $5000.00 ...................................................................................... 13

    II.   The district court erred by ordering Mr. Barkau to pay restitution in the amount of $200,000.00 because the district court did not estimate with reasonable certainty the future costs associated with potential psychological treatment of the alleged victim as the projected amount was based on speculative testimony and calculations. ................................................. 17

CONCLUSION ................................................................................................. 22

Appellate Case: 10-2724    Page: 3    Date Filed: 02/08/2011    Entry ID: 3753849

CERTIFICATE OF COMPLIANCE .......................................................................................... 23

CERTIFICATE OF SERVICE ............................................................................................... 24

ADDENDUM

   Barkau Judgment and Commitment .......................................................................... A1

   United States v. Jennings, 2010 WL 4236643 (W.D.Mo. Oct. 14, 2010)................................ A9

   Certificate of Service....................................................................................................... A11

# TABLE OF AUTHORITIES

**Page**

**Cases**

Adzick v. UNUM Life Ins. Co. of America, 351 F.3d 883 (8th Cir. 2003 .................................. 14

Roth v. Homestake Mining Co., 74 F.3d 843 (8th Cir.1996) ...................................... 16

United States v. Chalupnik, 514 F.3d 748 (8th Cir. 2008) ............................................. 17

United States v. Doe, 488 F.3d 1154 (9th Cir. 2007) ............................................. 13, 18

United States v. Jennings, 2010 WL 4236643 (W.D.Mo. Oct. 14, 2010) ................... 2, 18, 19, 20

United States v. Julian, 242 F.3d 1245 (10th Cir. 2001) ............................................. 13

United States v. Laney, 189 F.3d 954 (9th Cir. 1999) ............................................. 13, 18

United States v. Pearson, 570 F.3d 480 (2nd Cir. 2009) ................................................ 2, 13, 18, 21

States v. Oslund, 453 F. 3d 1048 (8th Cir. 2006) ........................................ 18

United States v. Reichow, 416 F.3d 802 (8th Cir. 2005) .......................................... 10

United States. v. S.A., 129 F.3d 995 (8th Cir. 1997) .................................................... 14

United States v. Sutton, 625 F.3d 526 (8th Cir. 2010) .................................................... 10

United States v. Sykes, 7 F.3d 1331 (7th Cir. 1993) ............................................. 14

United States v. Wisecarver, 598 F.3d 982 (8th Cir.2010) .......................................... 16

**Statutes**

18 U.S.C. §1470 .............................................................................................. 3, 4

18 U.S.C. §1591 .............................................................................................. 3, 4

18 U.S.C. §1592 .............................................................................................. 3, 4

18 U.S.C. §1593 .............................................................................................. 9, 13

18 18 U.S.C. §1593(b)(1) .................................................................................... 16

Appellate Case: 10-2724   Page: 5   Date Filed: 02/09/2011   Entry ID: 3753849
Appellate Case: 10-2724   Page: 5   Date Filed: 02/08/2011 Entry ID: 3752980

18 U.S.C. §2251(a) ............................................................................................. 3, 4

18 U.S.C. §2251(b) ............................................................................................. 3, 4

18 U.S.C. §2251(d) ............................................................................................. 3, 4

18 U.S.C. §2251A(a) ........................................................................................... 3, 4

18 U.S.C. §2251A(b) ........................................................................................... 3, 4

18 U.S.C. §2252 .................................................................................................. 3, 4

18 U.S.C. §2259 ......................................................................................... 9, 13, 17

18 U.S.C. §2259(b)(1) .............................................................................................. 17

18 U.S.C. §2259(b)(2) .............................................................................................. 17

18 U.S.C. §2422(b) .............................................................................................. 3, 4

18 U.S.C. §3231 ........................................................................................................ 3

18 U.S.C. §3664 ......................................................................................... 9, 14, 15

18 U.S.C. §3664(f)(3)(A) ................................................................................ 5, 9, 10

18 U.S.C. §3664(f)(3)(B) ........................................................................................ 15

28 U.S.C. §1291 ........................................................................................................ 3

Fed. R. App. P. 32(a)(7)(C) ................................................................................... 23

Fed. R. App. P. 32(a)(7)(B) ................................................................................... 23

Eighth Circuit Rule 28A(h) ................................................................................... 23

**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE EIGHTH CIRCUIT**

———————————————

Nos. 10-2724 / 10-2824

———————————————

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **UNITED STATES OF AMERICA,** |
| Appellant, | Appellee, |
| v. | v. |
| **TODD BARKAU** | **TODD BARKAU,** |
| Appellee | Cross-Appellant |

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

HONORABLE NANETTE K. LAUGHREY, DISTRICT JUDGE

———————————————

**STATEMENT OF THE ISSUES**

———————————————

**I.**

Whether the district court erred when it imposed a special condition of restitution, which ordered Mr. Barkau and Ms. Palmer to make payments into an account designated for the alleged victim to use for future counseling costs until the balance reaches $5000.00 and to continue to make payments as the balance falls below $5000.00 when the ordered partial payments satisfy

1

the restitution payment requirement of 18 U.S.C. §3664, authorizing the district court to order that the restitution partial payments be made at intervals specified by the court.

## **Cases**

United States v. Pearson, 570 F.3d 480 (2nd Cir. 2009)

## **II.**

Whether the district court erred by ordering any restitution where the district court stated on the record that the testimony by the government's expert witness regarding the potential cost of future counseling services was "very speculative" and that the record showed "insufficient evidence" that the alleged victim would actually use the restitution for counseling services.

## **Cases**

United States v. Jennings, 2010 WL 4236643 (W.D.Mo. Oct. 14, 2010).

United States v. Pearson, 570 F.3d 480, 486 (2nd Cir. 2009).

# STATEMENT OF JURISDICTION

Mr. Barkau was charged with Commercial Sex Trafficking, in violation of 18 U.S.C. §§1591 and 1592; Selling or Transferring Custody of a Minor with Knowledge of Resulting Sexual Exploitation, in violation of 18 U.S.C. §§2251A(a) and 2252; Obtaining Control or Custody of a Minor with Knowledge of Resulting Sexual Exploitation, in violation of 18 U.S.C. §2251A(b); Inducing a Child to Engage in Sexually Explicit Conduct, in violation of 18 U.S.C. §2251(a); Permitting a Child to Engage in Sexually Explicit Conduct, in violation of 18 U.S.C. §§2251(b) and 2252; Advertising and Publishing Notice of Images that Involved the Sexual Exploitation of a Child, in violation of 18 U.S.C. §2251(d); Enticement of a Child to Engage in Prohibited Sexual Conduct, in violation of 18 U.S.C. §2422(b); and, Transferring Obscene Material to a Minor, in violation of 18 U.S.C. §1470. (Western District of Missouri's District Court ECF Docket Entry in Criminal Case No. 08-00113-01/02-CR-W-NKL, hereinafter D.E., 66). Mr. Barkau entered a guilty plea on September 24, 2009 pursuant to a written plea agreement to Count One of the Superseding Indictment, Commercial Sex Trafficking of a Minor. (D.E., 86). Jurisdiction in the district court was based on 18 U.S.C. §3231, as Mr. Barkau was charged with offenses against the laws of the United States. Mr. Barkau entered a plea of guilty on September 24, 2009, and his sentence was imposed on July 27, 2010. (D.E., 86, 130). The government filed a timely appeal on August 2, 2010. (D.E., 132). Mr. Barkau filed a timely cross-appeal on August 6, 2010. (D.E., 136). This Court's jurisdiction is based on 28 U.S.C. §1291, which provides for jurisdiction over a final judgment from a United States District Court.

Appellate Case: 10-2724   Page: 9   Date Filed: 02/08/2011   Entry ID: 3753849

## **STATEMENT OF THE CASE**

On May 7, 2008, a grand jury returned the original indictment against Todd Barkau, appellee and cross-appellant. (D.E., 1). On February 26, 2009, Mr. Barkau was charged by Superseding Indictment with Commercial Sex Trafficking, in violation of 18 U.S.C. §§1591 and 1592; Selling or Transferring Custody of a Minor with Knowledge of Resulting Sexual Exploitation, in violation of 18 U.S.C. §§2251A(a) and 2252; Obtaining Control or Custody of a Minor with Knowledge of Resulting Sexual Exploitation, in violation of 18 U.S.C. §2251A(b); Inducing a Child to Engage in Sexually Explicit Conduct, in violation of 18 U.S.C. §2251(a); Permitting a Child to Engage in Sexually Explicit Conduct, in violation of 18 U.S.C. §§2251(b) and 2252; Advertising and Publishing Notice of Images that Involved the Sexual Exploitation of a Child, in violation of 18 U.S.C. §2251(d); Enticement of a Child to Engage in Prohibited Sexual Conduct, in violation of 18 U.S.C. §2422(b); and, Transferring Obscene Material to a Minor, in violation of 18 U.S.C. §1470. (D.E., 66). Mr. Barkau entered a guilty plea on September 24, 2009 pursuant to a written plea agreement to Count One of the Superseding Indictment, Commercial Sex Trafficking of a Minor. (D.E., 86).

On May 5, 2010, the Honorable Nanette K. Laughrey, District Judge for the Western District of Missouri, sentenced the co-defendant, Debra Palmer, to 180 months imprisonment and ten years of supervised release. (D.E., 105). On July 27, 2010, Judge Laughrey sentenced Mr. Barkau to 300 months imprisonment and a term of life of supervised release. (D.E., 130). Judge Laughrey ordered Mr. Barkau and Ms. Palmer to pay restitution, jointly and severally, in the amount of $200,000.00 to the alleged victim, as well as a $100.00 special assessment. (D.E., 105, 130). Specifically, the district court ordered a "special condition" of restitution that Mr. Barkau and Ms. Palmer to make payments into a designated account with the clerk of the court

until the account reached a balance of $5,000.00 and to replenish the account at any time that the balance falls below $5000.00.  (Palmer Sentencing Transcript, hereinafter Palmer Sent.Tr., 58) (Barkau Sentencing Transcript, hereinafter Barkau Sent. Tr., 18) (Government Brief, 12).  On June 7, 2010, the government timely filed a notice of appeal in Ms. Palmer's case.  (D.E., 109).  At Mr. Barkau's sentencing hearing, the government stated that it filed an appeal in Ms. Palmer's case, not to challenge the amount of restitution ordered by the district court, but to challenge the special condition imposed in the order of restitution.  (Barkau Sent. Tr., 5-6) (Government Brief, 1-3).  The government timely filed a notice of appeal in Mr. Barkau's case on August 2, 2010.  (D.E., 132).  On August 6, 2010, Mr. Barkau filed a timely notice of cross-appeal.  (D.E., 136).

## **STATEMENT OF THE FACTS**

Mr. Barkau was indicted by a grand jury on eight charges, relating to sexual exploitation of a child and commercial sex trafficking. (D.E., 1, 66). Pursuant to a plea agreement, Mr. Barkau entered a guilty plea to Commercial Sex Trafficking of a Minor, Count One of the Superseding Indictment. (D.E., 86). On July 27, 2010, Mr. Barkau was sentenced to 300 months imprisonment for the offense and assessed a $100.00 special assessment charge. (D.E., 130).

At the sentencing hearing of Ms. Palmer, the government called Dr. Gerald K. Gentry, Ph.D., as an expert witness. (Palmer Sent. Tr., 6) (Government Appendix, 1). Mr. Barkau agreed to incorporate by reference the record and transcript of Ms. Palmer's sentencing hearing, specifically the testimony of Dr. Gentry. (Barkau Sent. Tr., 5). Dr. Gentry testified as to his estimations of future costs of psychological treatment for the alleged victim in the case. (Palmer Sent. Tr., 6-25, 29, 37-45). Although Dr. Gentry never interviewed the alleged victim in the case, he estimated that the alleged victim would possibly require $1,088,350.00 for future psychological treatment. (Palmer Sent. Tr., 13-15) (Government Appendix, 12).

A portion of Dr. Gentry's estimations with respect to psychiatric treatment included possible inpatient treatment for suicide attempts, drug or alcohol abuse, depression, post-traumatic stress disorder, and other possible scenarios, totaling an estimated $525,000.00. (Palmer Sent. Tr., 13) (Government Appendix, 11). The record is devoid of any indication that the alleged victim had drug or alcohol abuse concerns, depression, or any other psychiatric or addiction issues. Dr. Gentry also speculated that the alleged victim might have issues concerning relationships for which he estimated $42,000.00 worth of couples counseling. (Government Appendix, 11). The record is devoid of any indication that the alleged victim has had or is currently having serious issues in her marriage requiring couples therapy. (Palmer Sent. Tr., 15,

Appellate Case: 10-2724   Page: 12   Date Filed: 02/09/2011   Entry ID: 3753869

56).  Dr. Gentry further estimated $12,600.00 for medication co-pays for 21 years, yet he did not estimate co-pays with respect to therapy sessions.  (Palmer Sent. Tr., 23-25) (Government Appendix, 11).  Instead, Dr. Gentry estimated 30 years of psychiatric sessions, including the initial exam, and psychotherapy without taking into account insurance assistance, which totaled $549,250.00, plus the inpatient estimate of $525,000.00, yet he acknowledged that if the alleged victim had insurance, a therapist would be able to bill the insurance company for the session, which drastically reduces the cost for treatment.  (Palmer Sent. Tr., 23-25) (Government Appendix, 11).  The district court stated that it found the evidence presented at sentencing, particularly Dr. Gentry's estimations, to be "very speculative," particularly because he had not interviewed the alleged victim in the case.  (Palmer Sent. Tr., 61).

After Dr. Gentry's testimony, the district court questioned the government regarding the restitution fund and whether funds not used by the alleged victim would eventually be returned to Mr. Barkau and Ms. Palmer.  (Palmer Sent. Tr., 27).  The government was not able to answer the question but speculated that funds would be returned to defendants if the alleged victim did not require the full amount of restitution.  (Palmer Sent. Tr., 27-28).  Ultimately, the district court ordered restitution in the amount of $200,000.00 to be paid jointly and severally by Mr. Barkau and Ms. Palmer.  (Palmer Sent. Tr., 58) (Barkau Sent. Tr., 18).  The district court further specified that Mr. Barkau and Ms. Palmer were ordered to make partial payments into a designated account with the clerk of the court, available to the alleged victim for the purpose of psychological treatment, until the account balanced reached $5000.00, and Mr. Barkau and Ms. Palmer were ordered to maintain the balance of $5000.00 at all times. (Palmer Sent. Tr., 58) (Barkau Sent. Tr., 18).  During the Palmer sentencing hearing, the government explained that,

7

with respect to a restitution account, the alleged victim could " be reimbursed or she [could] ask for funding to actually go and get the counseling." (Palmer Sent Tr., 28).

After the sentencing of Ms. Palmer, the government filed a timely appeal in Ms. Palmer's case. (D.E., 109). The government explained the purpose of the appeal at the sentencing hearing of Mr. Barkau, specifically that it took issue with the $5000.00 account, or "special condition" of restitution, and not the total amount of restitution ordered by the district court. (Barkau Sent. Tr., 6) (Government Brief, 1-3). The district court stated that if the order was reversed on appeal, that "based on the record I would not enter any restitution order [on remand] because I felt there was not sufficient evidence from the expert who had never examined the person, the victim in this case." (Barkau Sent. Tr., 7-8). The government then filed a timely notice of appeal in Mr. Barkau's case. (D.E., 132). Mr. Barkau filed a timely notice of cross-appeal. (D.E., 136).

## SUMMARY OF THE ARGUMENTS

The district court did not err when it imposed a special condition with respect to restitution that ordered Mr. Barkau and Ms. Palmer to make partial payments into an account specifically designated for the alleged victim. This account provides a balance of $5000.00 available to the alleged victim at all times for reimbursement or for advance payment for future psychological services. The special condition specifies exactly when the defendants were ordered to make payments, as required by 18 U.S.C. §3664(f)(3)(A), authorizing partial payments at specified intervals, as the court ordered Mr. Barkau and Ms. Palmer to make payments into the designated account with the clerk of the court until the account balance reached $5000.00 and to make necessary payments to maintain the $5000.00 at all times until the defendants have jointly and severally paid $200,000.00 in restitution. The statutes governing mandatory restitution state that the sentencing court may specify the interval at which the defendant must pay restitution; however, the statutes do not require that the intervals be separated by a uniform or regular period of time. 18 U.S.C. §§ 1593, 2259, 3664(f)(3)(A).

The district court erred by ordering any amount of restitution based on the court's determination that the record was speculative and lacked sufficient evidence to demonstrate that the alleged victim would actually use the restitution funds for counseling costs. At Ms. Palmer's sentencing hearing, the district court stated that the testimony of the prosecution's expert witness and sole source of information relating to projected costs of psychological services was "very speculative" as the expert never personally interviewed the alleged victim. (Palmer Sent. Tr., 61). Therefore, the district court did not base the order of restitution on reasonable certainty, making any order for restitution in this case inappropriate.

Appellate Case: 10-2724   Page: 15   Date Filed: 02/08/2011   Entry ID: 3753869

# **ARGUMENTS**

## **I.**

**The district court did not err in ordering Mr. Barkau to pay partial payments of restitution to the victim for reimbursement or advanced payment of the victim's psychological care where the order set forth with particularity the interval by which Mr. Barkau was mandated to make partial payments of restitution.**

The government objects to the district court's special condition in the restitution order, which ordered Mr. Barkau and Ms. Palmer to make payments into an account until the balance reached $5000.00; thereupon, Mr. Barkau and Ms. Palmer were ordered to maintain the required balance at all times. (Government Brief, 17) (Barkau Sent. Tr., 18) (Palmer Sent Tr., 58). The government asserts that the order imposes a requirement that the alleged victim pay for costs associated with psychological treatment up front, which the government argues is contrary to the intent of Congress in passing the mandatory restitution provision of the statutes. (Government Brief, 17-18). Furthermore, the government contends that the district court erred in failing to established uniform intervals by which the defendants must pay partial payments of restitution in satisfaction of the statutory requirements set forth in 18 U.S.C §3664. (Government Brief, 21-22). The district court did not err in ordering Mr. Barkau to make payments of restitution into a designated account as specified in the restitution order, nor did the district court err in its interpretation of the statutory language of "specified intervals" under 18 U.S.C. §3664.

_Standard of Review_:

This Court "review[s] a restitution order for abuse of discretion and the district court's application of the restitution statute de novo." United States v. Reichow, 416 F.3d 802, 804 (8th Cir. 2005). This Court reviews statutory interpretation de novo. United States v. Sutton, 625 F.3d 526, 528 (8th Cir. 2010).

Appellate Case: 10-2724    Page: 16    Date Filed: 02/09/2011    Entry ID: 3753849

*Discussion*:

**A. The victim may request reimbursement for paid costs or advanced payment from the $5000.00 account established by the district court for future costs associated with psychological treatment.**

The district court set forth a special condition of restitution, ordering Mr. Barkau and Ms. Palmer to pay partial payments of restitution toward an account for the alleged victim to use for the purpose of funding psychological counseling. (Palmer Sent. Tr., 58) (Barkau Sent. Tr., 18). This restitution account with which the government takes issue must maintain a balance of $5000.00, and the defendants are responsible for replenishing the account if the balance drops below the required amount. (Palmer Sent. Tr., 58) (Barkau Sent. Tr, 18). The government objects to this condition because the account purportedly reduces the responsibility of the defendants to pay $200,000.00 as ordered, and the account allegedly limits the availability of finances to the alleged victim. (Government Brief, 15). In fact, under the order of the district court, the alleged victim would have access to $5000.00 at all times, and if the victim continues to utilize the funds available in the designated account, Mr. Barkau and Ms. Palmer will ultimately pay the total sum of $200,000.00 of restitution. (Palmer Sent. Tr., 58) (Barkau Sent. Tr., 18). Furthermore, during the sentencing hearing of Ms. Palmer, the government explicitly stated, "[w]hen the victim utilizes [a restitution fund] for the future counseling costs, yes, she can be reimbursed or she can ask for funding to actually go and get the counseling." (Palmer Sent Tr., 28). Thus, the same must be true for any such restitution fund, whether the fund is a lump-sum account or the $5000.00 account ordered by the district court.

At the sentencing hearing of Ms. Palmer, the government explained the practical application of the restitution process by stating, "[a]nd the way it will actually work is if she doesn't utilize those services and costs, then the money isn't funded to her. She only will

11

actually receive the funding and the actual restitution amounts for the costs incurred." (Palmer Sent. Tr., 26). The district court then questioned the government about the process by which the restitution funds would be released if the funds ordered were in excess of the funds required by the alleged victim. (Palmer Sent. Tr., 27). The government could not answer the district court's specific question but speculated that the remaining money would be returned to the defendants. (Palmer Sent. Tr., 27-28). If restitution ordered exceeds the amount of funds required by the alleged victim to undergo future counseling, presumably it would be the responsibility of the clerk of the district court to calculate the appropriate division of funds and redistribute the amounts back to the defendants. However, it is unclear at what point the clerk of the court would be authorized to redistribute funds since the funds may be used by the alleged victim at any point in the future for incurred counseling costs. An alleged victim may choose not to participate in psychological treatment in which case the restitution funds would remain tied up in the restitution account, never to be used. The district court's special condition creates a mechanism for the alleged victim to use the amount necessary to fund her psychological treatment, but not over and above that amount, without unduly burdening the clerk of the district court with the responsibility of redistribution or the district court with future hearings on the issue of the restitution fund. Mr. Barkau and Ms. Palmer will still be required to make the full restitution payment in the amount of $200,000.00 should the alleged victim require such amounts for future counseling costs. (Palmer Sent. Tr., 58-59) (Barkau Sent. Tr., 18).

The government argues that the Court's restitution order of the $5000.00 special condition consequently forces the alleged victim to pay future counseling costs up front based on the district court's language, "expenses actually incurred." (Palmer Sent. Tr., 58). The government is thereby defining the district court's term "incurred" to simply mean costs that

have already been paid by the victim. In United States v. Pearson, 570 F.3d 480 (2nd Cir. 2009), the Second Circuit defined "incurred" costs, as used in 18 U.S.C. §2259, referenced in 18 U.S.C. §1593, to mean not only expenses that have already been paid, but also future costs. Similarly, Circuit Courts throughout the United States have ruled that "incurred" costs are not limited to costs that have already been paid by the victim, but include future costs, as well. See, United States v. Doe, 488 F.3d 1154, 1160 (9th Cir. 2007), United States v. Laney, 189 F.3d 954, 966 (9th Cir. 1999), United States v. Julian, 242 F.3d 1245, 1247 (10th Cir. 2001).

The district court in the instant case referred to "incurred" costs by the victim in establishing the requirements of the restitution payments. (Palmer Sent. Tr., 58). Thus, the district court used the term "incurred" costs as it relates to restitution, pursuant to 18 U.S.C. §2259, referenced in 18 U.S.C. §1593. In considering the district court's use of "incurred" costs that relates directly to this statutory language and its interpretation set forth above, the district court's order cannot be interpreted with a contrary definition, as the government asks this Court to find. Furthermore, the government expressly stated prior to the court's order of restitution that restitution funds may be used for victim reimbursement or advanced payment for treatment needs. (Palmer Sent. Tr., 28). Therefore, the district court's order clearly allows for the alleged victim either to be reimbursed for costs associated with future counseling or to request for funding prior to the future counseling sessions, just as the government described at the Palmer sentencing hearing. (Palmer Sent. Tr., 28).

**B. The district court specified the interval by which Mr. Barkau must make partial payments into the restitution account when it stated that payments must occur whenever the account balance falls below $5000.00.**

The sentencing court must issue and enforce restitution pursuant to 18 U.S.C. §3664, as mandated by 18 U.S.C. §2259, and 18 U.S.C. §1593. By way of a restitution order, the

sentencing court "may direct the defendant to make a single, lump-sum payment, partial payments at *specified intervals*, in-kind payments, or a combination of payments at specified intervals and in-kind payments."  18 U.S.C. §3664(f)(3)(A) (Emphasis added).  The government argues that the district court's special condition does not comply with the requirements of 18 U.S.C. §3664(f)(3)(A) because, according the government's theory, the condition does not properly set forth "specified intervals" of partial payments.  Specifically, the government asks this Court to conclude that the district court erred by failing to specify, "regular pre-established times" between partial payments.  (Government's Brief, 22).

The Eighth Circuit Court of Appeals stated "[o]ur starting point in interpreting a statute is always the language of the statute itself…If the plain language of the statute is unambiguous, that language is conclusive absent clear legislative intent to the contrary."  United States v. S.A., 129 F.3d 995, 998 (8th Cir. 1997) (Internal citation omitted).  Although this Court has not yet addressed the issue of statutory interpretation regarding the definition of "interval" with respect to 18 U.S.C. §3664(f)(3)(A), cases decided in this and other Circuits give guidance to the term's meaning.  Specifically, the Eighth Circuit Court of Appeals interpreted the word "regularly" used in an application that asked whether the defendant "regularly used, or…currently use[d], cocaine."  Adzick v. UNUM Life Ins. Co. of America, 351 F.3d 883 (8th Cir. 2003).  The Court held that "regularly," as defined by Webster's Dictionary, means "at regular intervals."  Id. at 888.  In the phrase, "at regular intervals," the word "regular" modifies the word "interval," which clearly indicates that intervals are not regular, in and of themselves.  See also, United States v. Sykes, 7 F.3d 1331, 1337 (7th Cir. 1993) (defining "regularity" as events occurring at "fixed and certain intervals").  Therefore, the government's request that this Court find that the district court erred by failing to specify "regular pre-established" intervals is contrary to the definition

and statutory interpretation of the term "interval" in 18 U.S.C. §3664(f)(3)(A). (See, Government Brief, 22).

In its argument, the government cites Merriam-Webster's Dictionary for definitions of "interval," "a space of time between events or states," and "specify," "to name or state explicitly or in detail." (Government Brief, 22).[1] However, nowhere in the statutory language does Congress require that a *standardized* amount of time must occur between each interval, such as monthly or annually. Nor does the definition of interval suggest that the "space of time" between events be uniform or equal. The statutory language in 18 U.S.C. §3664(f)(3)(A) merely states that the sentencing court must specify, or state in detail, the interval by which the defendant must pay the partial payment of restitution. It does not state that the court must order partial payments at specified, *regular* intervals. In fact, it makes no mention of equal periods of time between each event, as the government asks this Court to find.

The district court expressly stated in detail the specified interval by which Mr. Barkau and Ms. Palmer are to pay partial payments of restitution. The district court ordered the defendants to replenish the account to maintain the required balance of $5000.00 up to the total ordered sum of $200,000.00 in restitution. (Barkau Sent. Tr., 18). Therefore, Mr. Barkau and Ms. Palmer must pay partial payments of restitution at any time the account balance drops below $5000.00, which is the specified interval.

If this Court finds that the district court, in fact, erred by imposing the special condition in the restitution order, then the government invited the error at sentencing. The Eighth Circuit

---

[1] The government further defined "periodic," meaning occurring at regular intervals; however, periodic payments are reserved only for nominal restitution payments, which are based on the defendant's economic status. 18 U.S.C. §3664(f)(3)(B) (Government Brief, 22). Periodic restitution payments are not at issue in the instant case.

has held that "[a]n erroneous ruling generally does not constitute reversible error when it is invited by the same party who seeks on appeal to have the ruling overturned." United States v. Wisecarver, 598 F.3d 982, 988 (8th Cir. 2010) (citing, Roth v. Homestake Mining Co., 74 F.3d 843, 845 (8th Cir. 1996)). At Ms. Palmer's sentencing hearing, the district court expressed concern regarding excess restitution to which the government explained that in the event that the restitution ordered by the court exceeded the amount of funds the alleged victim would ultimately require for future counseling, the restitution would not be disbursed to the alleged victim. (Palmer Sent. Tr., 25-26). Essentially, the government stated that the excess funds would remain in an account indefinitely and would be presumably unused by either the alleged victim or the defendants. In order to avoid such a situation described by the government, the district court created an alternative restitution order to ensure that the funds reserved for the alleged victim constituted the "full amount of the victim's losses" and nothing more. 18 U.S.C. §1593(b)(1). (Palmer Sent. Tr., 58) (Barkau Sent. Tr., 18). Because the government effectively argued that restitution must be paid in full, regardless of whether the amount exceeds the "full amount of the victim's losses," which caused the district court to create the special condition of restitution to avoid such an occurrence, the government invited the error to which it now objects on appeal. 18 U.S.C. §1593(b)(1), See, Wisecarver, 598 F.3d at 988. (Government Brief, 1-2) (Palmer Sent. Tr., 25-26).

The district court did not err in creating the special condition of restitution, which prevented an order in excess of the alleged victim's actual losses; however, if this Court finds that the district court did err by creating the special condition, the government invited the error by requesting funds in excess of the amount required and insisting that the excess funds remain in an account indefinitely.

16

**The district court erred by ordering Mr. Barkau to pay restitution in the amount of $200,000.00 because the district court did not estimate with reasonable certainty the future costs associated with potential psychological treatment of the alleged victim as the projected amount was based on speculative testimony and calculations.**

The government argues that the district court erred by stating that if the restitution issue relating to the legality of the special condition is reversed on appeal, the district court would not order restitution on remand.  (Government Brief, 25).  However, the district court erred by ordering Mr. Barkau to pay *any* restitution because the order was purely speculative and, therefore, unreasonable.  Under 18 U.S.C. §2259(b)(1), the sentencing court must order the defendant to pay the "full amount of the victim's losses *as determined by the court*." (Emphasis added).  An order of restitution under 18 U.S.C. §2259 shall be "issued and enforced in accordance with [18 U.S.C. §]3664."  18 U.S.C. §2259(b)(2).

*Standard of Review*:

For restitution orders pursuant to 18 U.S.C. §3664, this Court reviews "a finding as to the amount of loss for clear error and the district court's decision to award restitution for abuse of discretion."  United States v. Chalupnik, 514 F.3d 748, 752 (8th Cir. 2008).

*Discussion*:

The government sought restitution in the amount of $1,088,350.00 for future mental health care of the alleged victim.  (Government Appendix 14-15).  The government did not submit any costs that had already been paid by the alleged victim at the time of sentencing, only requested restitution based on the projections of Dr. Gentry who did not personally interview or examine the alleged victim.  (Barkau Sent. Tr., 7) (Government Appendix 14-15).  Ultimately,

the district court ordered Mr. Barkau and Ms. Palmer to pay $200,000.00 in restitution, which reportedly represented the district court's estimate of future costs associated with the alleged victim's potential psychological treatment. (Barkau Sent. Tr., 18) (Palmer Sent. Tr., 61-62).

A fellow district court judge in the Western District of Missouri recently held that because the evidence presented at sentencing did not demonstrate that the victims would actually undergo treatment and because Dr. Gentry did not personally examine the victims, a restitution order for future costs would be purely speculative and inappropriate. United States v. Jennings, 2010 WL 4236643 (W.D.Mo. Oct. 14, 2010) (Barkau Addendum A9). The Jennings district court based its holding on other Circuit Courts of Appeals rulings, which have held that without sufficient evidence to demonstrate the certainty of the estimated future costs incurred by the victim, an award of restitution is unreasonable. See, United States v. Laney, 189 F.3d 954, 967 (9th Cir. 1999); United States v. Doe, 488 F.3d 1154, 1160 (9th Cir. 2007). Specifically, the Second Circuit held:

> [w]hile a restitution order pursuant to 18 U.S.C. §2259 may include an amount for future medical expenses, "an order of restitution for future losses may be inappropriate [where] the amount of loss is too difficult to confirm or calculate." Laney, 189 F.3d at 967 n. 14; see Doe, 488 F.3d at 1160 ("We will uphold an award of restitution under Section 2259 if the district court is able to estimate, based upon facts in the record, the amount of victim's loss with some reasonable certainty.")

United States v. Pearson, 570 F.3d 480, 486 (2nd Cir. 2009). The Eighth Circuit Court of Appeals has also addressed similar issues regarding restitution and has held that if the calculation is too burdensome or speculative, a court may decline to award restitution for future losses. See, United States v. Oslund, 453 F. 3d 1048, 1063 (8th Cir. 2006) ("We agree with the Seventh Circuit that a burdensome, complicated, or speculative calculation provides a good reason for the

district court to decline to exercise its discretion in favor of including future lost income in a restitution order").

At the sentencing hearing of Ms. Palmer, the district court stated, "there is no question that there is going to be a need for…psychological services." (Palmer Sent. Tr., 61); see also, (Government Brief, 25). The government argues that the district court's statement regarding a victim's generalized need for psychological services clearly identifies a substantial and reasonable basis for the order of restitution. (Government Brief, 25-26). Frankly, every victim of sexual abuse would benefit from counseling. Benefitting from counseling does not assist the sentencing court in projecting *with reasonable certainty* the actual funds necessary for the victim to undergo counseling, nor does benefitting from counseling mean that the victim will actually participate in treatment.

At the sentencing hearing of Mr. Barkau, the district court specifically stated that if the case came back to the district court for resentencing based on the improper special condition, the court "would enter no order of restitution because there was *insufficient evidence* to show that this, in fact, was ever going to be - - that the individual was ever going to, in fact, need or have this treatment, given that [Dr. Gentry] had never examined her." (Barkau Sentencing Tr., 7-8). (Emphasis added). The district court further commented at Ms. Palmer's sentencing hearing that the testimony of Dr. Gentry was "very speculative." (Palmer Sent. Tr., 61). Moreover, the district court's ultimate restitution order was based on Dr. Gentry's estimations of potential counseling costs for the alleged victim in what Dr. Gentry described on May 5, 2010, as "one of the two or three most egregious cases that I've been involved with." (Palmer Sent. Tr., 7). Dr. Gentry calculated the alleged victim's future counseling costs based on the egregious facts of the case. (Palmer Sent. Tr., 29, 37). However, Dr. Gentry's estimation seems disingenuous when

compared to the sentencing hearing on October 7, 2010 in <u>United States v. Jennings</u>, in which

Dr. Gentry calculated that each victim in the case would require $176,530.00 for future

counseling costs because, as Dr. Gentry concluded, "this was one of the worst cases he had ever

seen…based on his experience with other victims of child sexual abuse." <u>United States v.</u>

<u>Jennings</u>, 2010 WL 4236643 (W.D.Mo. Oct. 14, 2010)(Barkau Addendum A9).  Disparate

counseling cost projections, a mere five months apart, give little credence to either Dr. Gentry's

estimations or the district court's order for reasonable and appropriate restitution in the instant

case.

     Not only does the district court use language that refers to the speculative nature of the

government's request for and testimony in support of restitution, but the government also

effectively conceded that the amount of restitution originally calculated by Dr. Gentry was, in

large part, speculative since the government did not object to the amount of restitution ultimately

ordered by the court.  (Palmer Sent. 61) (Barkau Sent. Tr., 5-6) (Government Brief, 1-3).  The

government requested $1,088,350.00 in restitution, which it argued was a reasonable calculation

of future costs associated with the alleged victim's psychological treatment needs.  (Palmer Sent.

Tr., 3, 46) (Government Appendix, 12).  The district court ordered Mr. Barkau and Ms. Palmer

to pay restitution in the amount of $200,000.00, more than $800,000.00 less than the government

requested.  (Barkau Sent. Tr., 18 ) (Palmer Sent. Tr., 58).  However, the government does not

object to the total amount of restitution ordered by the district court as being unreasonable, which

effectively means that at least $800,000.00 of the future costs projected by Dr. Gentry was

considered unreasonable by both the district court and the government.  (Barkau Sent. Tr., 5-6)

(Government Brief, 1-3).

The district court's language regarding Dr. Gentry's speculative estimations at both Ms. Palmer's and Mr. Barkau's sentencing hearing clearly indicates that the district court was unable to and, in fact, did not calculate with particularity or certainty the amount of the victim's future loss. More than $800,000.00 of requested future counseling costs was considered unreasonable and improper pursuant to the district court's order, which calls into question the remaining amount that Dr. Gentry projected as necessary funding for the alleged victim whom he never interviewed. (Palmer Sent. Tr., 13-15). Therefore, the entire order of restitution was inappropriate and unreasonable based on the "very speculative" nature of the expert's calculations and the uncertainty of the district court's estimations. <u>Pearson</u>, 570 F. 3d at 486. (Palmer Sent. Tr., 61). This Court must reverse the district court's order of restitution based on the unreasonableness of the original order of restitution.

## **CONCLUSION**

For the foregoing reasons, Mr. Barkau respectfully requests that this Court reverse the district court's order of restitution by ordering no restitution, or, in the alternative, affirm the district court's special condition of restitution that allows Mr. Barkau to make partial payments into a designated account for use by the alleged victim for future psychological treatment.

Respectfully submitted,

The Sandage Law Firm, P.C.

*/s/ Lance D. Sandage*

_____

LANCE D. SANDAGE MO BAR NO. 46022
4700 Belleview, Suite 404
Kansas City, Missouri
Telephone: (816) 753-0800
Fax: (816) 531-3939
lance@sandagelaw.com
 *Attorney for Todd Barkau,*
  *Appellee / Cross-Appellant*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(a)(7)(C), that this Brief complies with the type-volume limitations in Fed. R. App. P. 32(a)(7)(B) and contains 5806 words. The Brief was prepared using Microsoft Word and converted to PDF format for filing purposes. Furthermore, the Brief has been determined to be virus-free in compliance with Eighth Circuit Rule 28A(h).


*/s/ **Lance D. Sandage***

_____
Lance D. Sandage
 *Attorney for Todd Barkau*
     *Appellee / Cross-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2011, the foregoing Brief was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A paper copy will be served on the participants in the case by U.S. Mail, postage prepaid, upon notice from the Court that the Brief has been reviewed and filed.

I hereby certify that a copy of the Brief of Todd Barkau, Appellee and Cross-Appellant, was mailed on _____, to:

James C. Bohling
Cynthia L. Cordes
Assistant United States Attorneys
Charles Evan Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106

*Attorney for the United States of America*
*Appellant / Cross-Appellee*

Stephen C. Moss
Assistant Federal Public Defender
818 Grand Boulevard, Suite 300
Kansas City, Missouri 64106

*Attorney for Debra Palmer*
*Appellee / Cross-Appellant*

Todd Barkau, #15988-055
FCI Marianna
Federal Correctional Institution
P.O. Box 7007
Marianna, Florida 32447

*Appellee / Cross-Appellant*

*/s/ Lance D. Sandage*
_____
Lance D. Sandage
*Attorney for Todd Barkau*
*Appellee / Cross-Appellant*

24