**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

_____

Nos. 10-2272 / 10-2724 / 10-2399 / 10-2824
_____

**UNITED STATES OF AMERICA,**

Appellant/Cross-Appellee,

v.

**DEBRA PALMER,**
and
**TODD BARKAU,**

Appellees/Cross-Appellants.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION
HONORABLE NANETTE K. LAUGHREY, DISTRICT JUDGE

_____

**RESPONSE AND REPLY BRIEF FOR THE UNITED STATES**
_____

BETH PHILLIPS
 United States Attorney

JAMES C. BOHLING
CYNTHIA L. CORDES
 Assistant United States Attorneys

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

*Attorneys for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENTS

    I.    The district court's orders of $200,000 in restitution to provide long-term counseling for the victim, who suffered prolonged and horrific sexual abuse as a minor in connection with the offense of conviction, were not an abuse of discretion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.    In a case where Debra Palmer, the victim's mother, and Todd Barkau, the victim's mother's boyfriend, abused and aided in the abuse of Palmer's minor daughter for the purposes of commercial sex trafficking, the district court erred by attaching a "special condition" to its $200,000 restitution order that allows Palmer and Barkau to maintain a restitution account at $5,000, and to replenish it periodically only as the victim incurs expenses for ongoing mental health treatment, where both 18 U.S.C. § 1593 and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, require that the restitution be in the full amount of the victim's losses, and that any partial payments be made at specified intervals or periodically. . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Appellate Case: 10-2272    Page: 2    Date Filed: 03/18/2011 Entry ID: 3768249

# TABLE OF AUTHORITIES

**Page**

## Cases

*United States v. Bryant*, 606 F.3d 912 (8th Cir. 2010). . . . . . . . . . . . . . . . . . 5

*United States v. Danser*, 270 F.3d 451 (7th Cir. 2001). . . . . . . . . . . . 2, 7, 16

*United States v. Ferber*, 458 U.S. 747 (1982). . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States v. Julian*, 242 F.3d 1245 (10th Cir. 2001). . . . . . . . . . . 2, 8, 15

*United States v. Laney*, 189 F.3d 954 (9th Cir. 1999). . . . . . . . . . . . 2, 8, 17

*United States v. Young*, 272 F.3d 1052 (8th Cir. 2001). . . . . . . . . . . . . . . . 5

## Statutes

18 U.S.C. § 1591. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1593
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 6, 7, 13, 16

18 U.S.C. § 2259. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 16

18 U.S.C. § 3664. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 13, 15, 16, 17

Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. . . . . . . . . . . . . , 2, 13

S. Rep.104-179 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

-ii-

Appellate Case: 10-2272    Page: 3    Date Filed: 03/18/2011 Entry ID: 3768249

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

_____

Nos. 10-2272 / 10-2724

_____

**UNITED STATES OF AMERICA,**

Appellant/Cross-Appellee,

v.

**DEBRA PALMER,**
and
**TODD BARKAU,**

Appellees/Cross-Appellants.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION
HONORABLE NANETTE K. LAUGHREY, DISTRICT JUDGE

_____

**STATEMENT OF THE ISSUES**
_____

**I.**

The district court's orders of $200,000 in restitution to provide long-term
counseling for the victim, who suffered prolonged and horrific sexual abuse as
a minor in connection with the offense of conviction, were not an abuse of
discretion.

-1-

**<u>Cases</u>**

*United States v. Danser*, 270 F.3d 451 (7th Cir. 2001)

*United States v. Laney*, 189 F.3d 954 (9th Cir. 1999)

*United States v. Julian*, 242 F.3d 1245 (10th Cir. 2001)

## II.

In a case where Debra Palmer, the victim's mother, and Todd Barkau, the victim's mother's boyfriend, abused and aided in the abuse of Palmer's minor daughter for the purposes of commercial sex trafficking, the district court erred by attaching a "special condition" to its $200,000 restitution orders that allow Palmer and Barkau to maintain a restitution account at $5,000, and to replenish it periodically only as the victim incurs expenses for ongoing mental health treatment, where both 18 U.S.C. § 1593 and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, require that the restitution be in the full amount of the victim's losses, and that any partial payments be made at specified intervals or periodically.

**<u>Cases</u>**

*United States v. Laney*, 189 F.3d 954 (9th Cir. 1999)

*United States v. Julian*, 242 F.3d 1245 (10th Cir. 2001)

*United States v. Danser*, 270 F.3d 451 (7th Cir. 2001)

-2-

Appellate Case: 10-2272     Page: 5     Date Filed: 03/18/2011 Entry ID: 3768249

# SUMMARY OF THE ARGUMENTS

Both Palmer and Barkau argue that the district court erred in imposing $200,000 in restitution to the victim so that she can be provided psychological services. However, the district court did not abuse its discretion when it imposed restitution orders in the amount of $200,000 for both Palmer and Barkau that reflected the victim's need for long-term counseling. The victim, while a minor, suffered prolonged and horrific sexual abuse as a result of Barkau's and Palmer's conduct related to the offense of conviction. The evidence in the record, which included the report and testimony of a qualified expert who provided the cost estimates, the victim's own statement of a need for counseling, and the facts of the case, was sufficient to support the district court's restitution orders.

As the Government asserted in its initial brief, the district court erred by attaching a "special condition" to its $200,000 restitution orders that allow Palmer and Barkau to maintain a restitution account at $5,000, and to replenish it periodically only as the victim incurs expenses for ongoing mental health treatment. Both the Trafficking Victims Protection Act (TVPA) and the Mandatory Victim Restitution Act (MVRA) require that restitution payments either be made in a lump sum, or be made in payments at specified intervals or

-3-

periodically. In addition, the use of 18 U.S.C. § 3664(d)(5), which provides for amendments to the restitution order for after-discovered losses, is inappropriate in this case because it contravenes Congress's intent that a defendant pay the full amount of a sexual abuse victim's losses, including future counseling.

-4-

# ARGUMENTS

## I.

**The district court's orders of $200,000 in restitution to provide long-term counseling for the victim, who suffered prolonged and horrific sexual abuse as a minor in connection with the offense of conviction, were not an abuse of discretion.**

In Palmer's and Barkau's brief, they claim the district court abused its discretion in ordering restitution to the victim in the amount of $200,000. The district court, however, did not abuse its discretion when it imposed restitution orders in the amount of $200,000 for both Palmer and Barkau because that amount reflected the victim's need for long-term counseling. The victim, while a minor, suffered prolonged and horrific sexual abuse as a result of Palmer's and Barkau's conduct related to the offense of conviction. The evidence in the record was sufficient to support the district court's restitution order, and therefore, this Court should uphold the restitution amount.

## A.   *Standard of Review*

The Eighth Circuit reviews restitution orders for abuse of discretion and application of restitution statutes *de novo*. *United States v. Bryant*, 606 F.3d 912, 922 (8th Cir. 2010). The amount of loss can be proven by the preponderance of the evidence. *United States v. Young*, 272 F.3d 1052, 1956 (8th Cir. 2001).

-5-

**B.** *__Discussion__*

Pursuant to plea agreements, Palmer and Barkau pleaded guilty to aiding and abetting the commercial sex trafficking of a minor, in violation of 18 U.S.C. § 1591. That offense was enacted as part of the Trafficking Victims Protection Act (TVPA) of 2000 and falls within Chapter 77 of Title 18. Section 1593 of Chapter 77 imposes mandatory restitution for the violation of any offense in that chapter. 18 U.S.C. § 1593(a). The restitution order must direct the defendant to pay the "full amount of the victim's losses." 18 U.S.C. § 1593(b)(1). The "full amount of the victim's losses" includes, *inter alia*, expenses for medical services relating to physical, psychiatric, and psychological care. 18 U.S.C. §§ 1593(b)(3), 2259(b)(3)(A).

In *United States v. Ferber*, 458 U.S. 747 (1982), the leading case upholding regulation of child pornography, the Supreme Court recognized that "[t]he prevention of sexual exploitation and abuse of children constitutes a governmental objective of surpassing importance." *Id.* at 757. Building upon *Ferber*, later courts of appeals decisions have upheld restitution awards for future therapy and counseling to redress the devastating impact of sexual abuse.

-6-

For example, in *United States v. Danser*, 270 F.3d 451 (7th Cir. 2001), the Seventh Circuit considered the legality of a restitution order pursuant to 18 U.S.C. § 2259 to fund future therapy for a minor victim of severe sexual abuse. *Id.* at 453. The court noted that:

> In enacting section 2259, it is clear that Congress intended to provide victims of sexual abuse with expansive relief for "the full amount of . . . [their] losses" suffered as a result of abuse, § 2259(b)(3)(B) (emphasis added). Congress chose unambiguously to use unqualified language in prescribing full restitution for victims.

*Id.* at 455. Congress used precisely the same language, requiring the defendant to pay "the full amount of the victim's losses," in 18 U.S.C. § 1593(b)(1), the restitution statute applicable in this case.

The *Danser* court then noted that Congress in the legislative history to § 2259 had specifically cited to *Ferber*. *Id.* The Seventh Circuit noted that *Ferber* discussed "the devastating and long term effects that the sexual exploitation of children can have upon both the victims of that abuse and greater society." *Id.* (citing *Ferber*, 458 U.S. 747). Consequently, "in light of Congress's intent to make whole these victims of sexual exploitation," the Seventh Circuit concluded that "section 2259 allows for restitutionary damages for the future costs of therapy." *Id.*

-7-

The Tenth Circuit came to an identical conclusion in *United States v. Julian*, 242 F.3d 1245 (10th Cir. 2001). In discussing its holding, the Tenth Circuit noted that "'Congress was well aware that children victimized by sexual abuse often do not recover quickly from their injuries." *Id.* at 1247 (quoting *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999)). "Congress noted the goal of criminal restitution: to 'ensure that the wrongdoer is required to the degree possible to restore the victim to his or her prior state of well being.'" *Id.* (quoting S. Rep.104-179, at 42-44 (1995)). The Tenth Circuit in discussing the case before it concluded that:

> The time from arrest to sentencing in this case is not unusually short. Certainly, the few months of counseling this victim underwent during this time period cannot "restore the victim to his or her prior state of well-being," [quoting S. Rep.104-179, at 42-44 (1995)], after long-term regular and severe sexual abuse and exploitation. We conclude that the district court was authorized under § 2259 to order defendant to pay for his victim's future counseling costs.

*Id.* at 1248.

The district court's award of restitution for future counseling services to the victim in this case is entirely in accord with Congress's recognition of the need for victims of severe sexual exploitation to receive counseling well beyond the date of sentencing. The district court explicitly found that: "[T]here is no question that there is going to be a need for . . . psychological

-8-

services, and I think the victim has made that clear as well.  But $200,000 ensures that all of even the expert's suggestions concerning 30 years of psychological services will be covered."[1]  (Palmer Sent. Tr. 61.)

The district court's finding is based on substantial evidence in the record.  The Government provided the report and testimony of Dr. Gerald K. Gentry, Ph.D., a highly qualified expert who is authorized in Kansas for both Clinical and Child-Clinical practice.  (Gov. Appx. at 1-9.)  Dr. Gentry noted that the victim's circumstances included a course of five years of sado-masochistic sexual abuse beginning at age 12 and continuing while she was a teen-aged minor.  (Gov. Appx. at 13.)  Barkau sexually groomed the victim to become a BDSM sexual dominatrix by engaging in BDSM activities with her and by inducing her to engage in sexual activities with other men while he watched.  (Gov. Appx. at 13.)  The escalation of sexual victimization included hanging the minor victim by hooks, beating her with canes and chains, and

---

[1]This finding, that the a $200,000 restitution award was appropriate on the facts of this case, is the finding of the district court as reflected in both Barkau's and Palmer's Judgment and Commitment Orders.  The district court's "alternate finding" in the event of a successful government appeal (Barkau Sent. Tr. 6-8) was not entered in the Judgment and Commitment Order and is not consistent with the district court's unequivocal, and correct, determination that this victim was entitled to a restitution order for the costs of future counseling.  In its initial brief, the Government argued that this alternate finding was erroneous.

-9-

using a ball to gag her. (Gov. Appx. at 13.) Starting in 2002, Barkau sold the victim for internet on-line web cam sessions and for in-person BDSM activities. (Gov. Appx. at 13.) These activities included bondage, beatings, burnings, and genital mutilation. (Gov. Appx. at 13.) In his 30 years of clinical experience and treatment of more than 200 sexual abuse victims, Dr. Gentry stated that this case was "one of the two or three most egregious" he had ever seen. (Palmer Sent. Tr. 7, 29.)

Dr. Gentry compared this victim's history with that of other sexual abuse victims he has treated to determine the types of issues this victim will face in coming years as a result of the horrific sexual abuse she suffered. (Gov. Appx. at 14.) Dr. Gentry then provided firm monetary estimates based upon the prevailing costs of treatment in the Kansas City area for various types of treatment the victim could be anticipated to need during her adult life. (Gov. Appx. at 13-14.) The types of treatment included psychotherapy and psychiatric follow-up, medication co-pays, and hospitalization costs. (Gov. Appx. at 14.)

Dr. Gentry's methodology for determining the victim's need for future treatment as a result of the sexual abuse committed against her is a sound one. Indeed, as outlined above, Congress has recognized that sexual abuse will

-10-

inevitably give rise to long term effects upon its victims. In this context, Dr. Gentry's use of his expert knowledge of the types of "emotional and psychological burdens" (Gov. Appx. at 14) faced by those who have suffered such abuse provides an entirely reasonable basis for the district court's finding. And, as the district court noted, the victim also expressed her own perceived need and desire for such counseling.

The district court looked closely at the categories of mental health treatment and their associated costs presented by Dr. Gentry, ultimately allowing the counseling costs, while disallowing other costs, such as medication and future anticipated hospitalizations. The district court's rejection of these other costs is fairly debatable – there is no reason to believe that this victim will not suffer the types of psychological issues that other victims of severe sexual abuse have suffered – but the Government has elected not to appeal that determination. The district court's allowance of the counseling costs, on the other hand, was unquestionably correct. The sexual abuse suffered by this victim beginning at age 12 was unimaginably violent and degrading, made worse because it was perpetrated by the very people who were supposed to keep her safe. No human being could suffer through such experiences without the need for long term counseling, at the very least.

-11-

The district court's restitution order, based as it was on Dr. Gentry's report and testimony, the victim's statements, and, perhaps most fundamentally, the horrific facts of this case, was not an abuse of discretion.

Appellate Case: 10-2272    Page: 15    Date Filed: 03/18/2011 Entry ID: 3768249

## II.

**In a case where the victim's mother, Debra Palmer, and the victim's mother's boyfriend, Todd Barkau, abused and aided in the abuse of Palmer's minor daughter for the purposes of commercial sex trafficking, the district court erred by attaching a "special condition" to its $200,000 restitution orders that allow Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing mental health treatment, where both the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1593, and the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, require that the restitution be in the full amount of the victim's losses, and that the partial payments be made at specified intervals or periodically requires both that the restitution be in the full amount of the victim's losses, and that any partial payments be made at specified intervals or periodically.**

The Government continues to assert that the district court erred by attaching a "special condition" to its $200,000 restitution orders that allow Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically. This condition is not a legal restitution order because it does not comport with the statutory language of §§ 1593 or 3664 because such a payment scheme constitutes neither a lump-sum payment nor partial payments at court-designated intervals. *See* 18 U.S.C. § 3664(f)(3)(A). Moreover, future counseling costs should be ordered at the time of sentencing, and should not be the subject of amendments to a restitution order under 18 U.S.C. § 3664(d)(5).

-13-

As a preliminary matter, however, there is no question that the Government properly preserved its objection to the district court's special condition, certainly as to Barkau. At the time of the Barkau sentencing the Government had already filed its notice of appeal in Palmer's case, and government counsel discussed the notice of appeal with the district court at Barkau's sentencing hearing. Government counsel told the district court that the notice of appeal directly related to the $5,000 special condition. (Barkau Sent. Tr. 6-7.) Government counsel then specifically objected, after the district court orally pronounced Barkau's sentence, to both the alternative restitution order anounced earlier by the district court, and to the $5,000 special provision. (Barkau Sent. Tr. 23.)

While the Government did not lodge a clear objection to Palmer's sentence, the Government submits that the two cases should be taken together on appeal, as they were by the district court, because Barkau and Palmer are jointly and severally liable. In any event, the district court's order did, in fact, constitute plain error as to Palmer because it was in obvious contravention of the governing statutes, and "'Federal courts possess no inherent authority to

-14-

order restitution and may only do so as explicitly empowered by statute.'"
*Julian*, 242 F.3d at 1246 (quoting *United States v. Nichols*, 169 F.3d 1255, 1278 (10th Cir. 1999) (quotation omitted)).[2]

In its initial brief, the Government argued that Palmer and Barkau would only be required to make additional payments when the restitution account contains less than $5,000, which depends on the costs incurred by the victim and cannot be reduced to pre-established intervals. Consequently, the special condition violates the statutorily-mandated requirements that a defendant's payments be made at "specified intervals," or be "periodic," 18 U.S.C. § 3664(f)(3)(A) and (B), which means that the payments must occur at regular pre-established times. Neither Palmer nor Barkau effectively rebuts this argument. What they argue instead is that the $5,000 limit would not prevent the victim from obtaining counseling. Although for the reasons stated in our initial brief the Government disagrees with that position, ultimately that argument is not relevant to the legality of the special provision under the applicable restitution statutes.

---

[2]Contrary to Palmer's assertion, the error was not invited. Government counsel's agreement that it would be desirable that any restitution funds paid actually be used for the victim's counseling costs is an issue entirely independent of the $5,000 payment ceiling.

-15-

Further textual analysis of the applicable statute, 18 U.S.C. § 1593, underscores the point. Section 1593, entitled "Mandatory Restitution," provides in subsection (b)(1) that, "The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses. . . ." In commenting on 18 U.S.C. § 2259(b)(3)(B), which also contains the "full amount" provision, the Seventh Circuit declared that "Congress chose unambiguously to use unqualified language in prescribing full restitution for victims." *United States v. Danser*, 270 F.3d 451, 455 (7th Cir. 2001).

Relying upon this language, the § 2259 cases have explicitly rejected the use of 18 U.S.C. § 3664(d)(5), which provides for amendments to the restitution order for after-discovered losses, in cases involving restitution for future counseling where there has been sexual abuse. In *Danser*, Danser had argued on appeal that "victims of abuse should be required to petition courts to recover the costs of treatment as those costs are incurred." *Id.* But the *Danser* court soundly rejected that argument, saying, "We do not believe that Congress sought to create such a cumbersome procedure for victims to receive restitution," but instead that the "full amount" of the victim's losses included restitution for future therapy costs. *Id.*

-16-

Likewise, *United States v. Laney*, 189 F.3d 954 (9th Cir. 1999) also squarely rejected the use of § 3664 for future counseling:

> Jane Doe One and her family will not "discover" in the future that they need counseling; they already know that they do. Finally, if Congress intended crime victims who required long-term psychological or physical therapy to receive restitution only after they actually paid their therapists, it created a strangely unwieldy procedure in section 3664, which would require a victim to petition the court for an amended restitution order every 60 days for as long as the therapy lasted.

*Laney*, 189 F.3d at 954.

The $5,000 special condition imposed by the district court in this case is very similar to the § 3664(d)(5) procedure urged by Palmer and the defendants in *Danser* and *Laney*, and it suffers from the same deficiencies identified by the *Laney* court. The special condition essentially requires the victim constantly to re-petition the district court to restart Palmer and Barkau's payments every time the victim uses funds for counseling and the account balance falls below $5,000. This approach is antithetical to Congress's intention for the defendant to pay the "full amount" of the victim's losses, and violates the periodic payment requirements of the restitution statute.

-17-

## CONCLUSION

For the reasons previously discussed, the district court's orders of restitution in the amount of $200,000 for future counseling costs for the victim should be affirmed. The district court's judgments attaching a "special condition" to its $200,000 restitution orders that allow Palmer and Barkau to maintain a restitution account at $5,000 and replenish it periodically only as the victim incurs expenses for ongoing mental health treatment should be reversed.

Respectfully submitted,

BETH PHILLIPS
  United States Attorney

By    /s/ *Lajuana M. Counts, AUSA*

    *for* JAMES C. BOHLING
      Assistant United States Attorney

    /s/ *Lajuana M. Counts, AUSA*

    *for* CYNTHIA L. CORDES
      Assistant United States Attorney

    Charles Evans Whittaker Courthouse
    400 East 9th Street, Room 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

    *Attorneys for Appellee*

-18-

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(a)(7)(C), that this brief complies with the type-volume limitations in Fed. R. App. P. 32(a)(7)(B) and contains 3,939 words. The brief was prepared using WordPerfect for Windows Version X4 software. In making this certification I have relied upon the word-count feature of WordPerfect for Windows, Version X4. Furthermore, the brief has been determined to be virus-free in compliance with Eighth Circuit Rule 28A(h).

 s/ *Lajuana M. Counts, AUSA*  
*for* James C. Bohling  
Assistant United States Attorney

-19-

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2011, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A paper copy will be served on participants in the case by U.S. Mail, postage prepaid, within five days of the Court's notice that the brief has been reviewed and filed.

I hereby certify that a copy of the Government's brief was mailed on March ___, 2011, to:

Stephen C. Moss
Assistant Federal Public Defender
818 Grand Boulevard, Suite 300
Kansas City, Missouri 64106

Lance Sandage
4700 Belleview Avenue
Suite 404
Kansas City, Missouri 64112

*Attorneys for Appellees/Cross-Appellants*

     /s/ *Lajuana M. Counts, AUSA*
*for* James C. Bohling
Assistant United States Attorney

-20-